THOMASON VS SMITHSON.

1. Where a prayer for specific relief in a bill in chancery is accompanied with a prayer for general relief, the complainant is entitled to other specific relief, not inconsistent with the case stated in the bill ; but no relief can be granted under the general prayer, entirely distinct from, and independent of, the special relief prayed for—

2. Therefore, a decree cannot be rendered against a party not sought to be charged by the allegations of the bill, although such party may be before the court.

3. A bill may, however, be framed in the alternative, asking relief against A, if he has authorised B to collect money due by judgment, and against B, if he has collected without authority. This would apprise B of the claim set up against him, and enable him to file a cross bill against A, and to have the equities adjusted between them, or to defend himself in any other manner.

4. The principle, that an answer to a bill can only be overthrown, by two witnesses, or by one witness and corroborating circumstances, does not apply to the case of the proof by one witness, of the execution of a written instrument, which contradicts the answer. Therefore,

5. Where M assigned to T a judgment he held against S, and afterwards, in answering a bill in chancery, denied that he had made such an assignment—the proof of the assignment by the subscribing witness, is sufficient to countervail the denial of the answer.

Error to the Circuit court of St. Clair county.

Bill of complaint, with a prayer for relief, injunction, &c. On the twenty-seventh day of March, eighteen hundred and thirty-five, William Smithson, the com-

Thomason *vs.* Smithson.

plaintant, filed his bill in the Circuit court of said county, exercising chancery jurisdiction, which stated, that theretofore, perhaps ten years ago, one William Mason, then a citizen of said county, recovered two judgments against complainant, in the Circuit court of said county, both judgments amounting to between three and four hundred dollars, besides costs,—the exact amount not recollected by complainant. After the judgments were rendered, said Mason, by his written assignment, transferred both of the judgments to one James H. Thomason, now a citizen of the county of Talladega, which assignment bore date on the fifteenth day of November, eighteen hundred and thirty-two, and to which assignment, complainant, for more certainty referred, and annexed a copy of the same, and which he prayed might be taken as part of his bill, together with the receipt thereto attached. After the assignment of the judgment to Thomason, complainant paid to said Thomason the amount called for by the judgments, and the costs on the same; for which he had receipts which he was ready to produce.

The bill further stated, that notwithstanding complainant had paid and satisfied the judgments and costs, said William Mason, or some other person for him, had caused executions to issue on said judgments for their full amount, without any credits, and that the executions were then in the hands of the sheriff of Benton county, and had been levied on the property of complainant, which was then liable to be sold to satisfy the judgments—which executions were issued to vex, harass and oppress complainant.

The bill charged confederacy, &c. and prayed that the

7 P.                    19

confederates, when discovered, might be made defendants, and compelled to answer ; and especially, that Mason and Thomason might answer and say whether the facts set forth in the bill were not true : and prayed that a writ of injunction might issue, commanding the sheriff of Benton county, the said William Mason, and others concerned, to desist from all further proceedings on said judgments and executions, until the final hearing of the cause; and that on such final hearing, the court would decree that Mason and his confederates might be perpetually enjoined from all further proceedings on the judgments and executions, and all such other further and different relief, as equity, conscience, and the nature of the case required.

The assignment and receipt were as follow :

" To Burrel Green, Esq.    Sir : I do this day assign the full amount of the judgments obtained by me in the Circuit court of St. Clair county, against William Smithson, —and also the full control and management of the same into the hands of James H. Thomason, and his receipt shall be mine for the full, or any amount of the above judgments.

(Signed,)                    " William Mason.

(Test,)                     " Louis S. Tulane."

"Received of William Smithson, in full of the above judgments,—that is, the debt and interest on judgments up to this date.    January tenth, eighteen hundred and thirty-three.

(Signed,)                    " J. H. Thomason."

The answer of William Mason, stated that respondent did recover a judgment at the October Term, eighteen

Thomason *vs*. Smithson.

hundred and twenty-four, of St. Clair court, against complainant, for the sum of fifty-five dollars as damages, besides his costs of suit, but denied that any other judgment was rendered in his favor. Respondent admitted, that at the same term, a judgment was rendered in favor of his daughter, Elizabeth Mason, for the sum of two hundred dollars, as damages, besides her costs of suit. Respondent denied that he ever assigned or transferred either of said judgments to James H. Thomason, or gave him any authority verbally or in writing, to receive or receipt for the money due him or his daughter, by virtue of said judgment: that he ever received from the complainant, Smithson, or from the said Thomason, or from any other person, any thing in satisfaction of said judgments, nor had he any knowledge of any payments, but that the same was, and remained wholly unpaid, except that he was informed and believed, that by virtue of the various executions he had caused to be sued out, some portion of the costs had been paid, which he believed had been entered upon the execution docket, to the credit of complainant. The answer admitted, that executions had been sent to Benton county, where complainant resided, but denied that respondent had any other motive than to have the amount due, thereby secured. The answer denied all combination—demurred to the bill, and prayed to be dismissed with reasonable costs, &c.

On the hearing, it was ordered by the court, that the injunction obtained by complainant be dissolved, and that complainant have leave to amend his bill, and make additional parties.

The amended bill charged, that one of the judgments mentioned in the original bill, to wit, the judgment for two hundred dollars, besides costs mentioned, was rendered in the Circuit court of St. Clair county, in favor of Elizabeth Mason, a daughter of said William Mason, and stood on the docket in her name; but that the said William Mason was her father, and probably her next friend in obtaining the judgment. Complainant further charged, that the said William Mason was the agent and attorney in fact of the said Elizabeth, in the management of the suit, and as such agent and attorney in fact, had the full management and control of said judgment, and power to transfer and assign the same; and that said William Mason, in his assignment of said judgment to said Thomason, did in fact, if not so expressed in the writing, assign the said judgment in the name of said Elizabeth, to said Thomason, as well as the judgment in his own name; and under said judgment and assignment, complainant had paid the same to said Thomason, and the costs to the persons entitled thereto, which judgment was satisfied, as well as the judgment in the name of said William Mason. Complainant prayed that William Mason, Elizabeth Mason, and James H. Thomason, might be made defendants, and that they might answer the the same fully and clearly.

The complainant further stated, that Thomason produced to the orator the assignment, and represented that the assignment was for both judgments, and under that representation and statement, complainant paid said judgment to Thomason. Complainant thought there was a combination between Mason, his daughter and

Thomason *vs.* Smithson.

Thomason, to defraud complainant. The amended bill prayed, that the judgments might be perpetually enjoined ; that the relief prayed for might be granted, and all other proper relief, &c.

The answer of William Mason to the amended bill, stated that it was wholly untrue, that he ever gave Thomason any assignment, either in writing or otherwise, of either of said judgments in said complainant's bill mentioned, nor had he any authority, either verbal or written, from Elizabeth Mason, to act as her agent or attorney, to transact any business in relation to the judgment she had obtained against the said complainant. The answer also denied all confederacy; and respondent thought there was a combination between complainant; Thomason, to defraud him and his daughter Elizabeth Mason, of their just rights. The answer also demurred to the original, and also to the amended bill, and for cause of demurrer, set forth, that the original bill was not signed by either the complainant or his counsel. It did not specify or designate the parties against whom process was to issue, nor was there any prayer for process against any one : It was multifarious, and blended the case of respondent with that of his daughter, Elizabeth Mason, and joined separate and distinct judgments in one bill : There was no equity in either the original or amended bill. To the answer, respondent added his affidavit, that the matters and things as set forth, of his own knowledge were true, and those stated upon the information of others, he believed to be true.

The answer of Elizabeth Mason, stated that she was advised, and believed it true, that she did recover a judg-

ment, in an action of malicious prosecution against complainant, for the sum of two hundred dollars, in the St. Clair Circuit court: that the judgment was rendered in her favor during her minority, ten or eleven years previous, — and that she understood complainant had so concealed his property, that nothing could be made, and that in consequence thereof, she had given herself no concern about it; but denied that she ever gave her father any authority, either directly or indirectly, to compromise, transfer or assign said judgment; nor had he ever received from her any authority, as her agent or otherwise, to receive or collect said judgment, or do any other thing in relation thereto. The answer further stated, that respondent never received any thing for said judgment from her father, or any other person, and that the same was yet her property, and had not to her knowledge been paid, or in any manner discharged by the said complainant, or any other person.

Respondent demurred to the complainant's original and supplemental bills of complaint, and for causes of demurrer, set forth :—That the original bill was not signed by either complainant or his counsel: That it did not specify and designate the parties against whom process was to issue, nor was there any prayer for process against any one in either the original or amended bill : for multifariousness in improperly blending her cause and defence with those of the other defendants : for want of equity, &c. The answer denied all fraud and combination, and prayed that respondent might be dismissed, with her reasonable costs.

The answer of James H. Thomason, stated that it

was true, as set forth in the complainant's bill, that William Mason, for a valuable consideration, did, on or about the fifteenth day of November, eighteen hundred and thirty-two, in the presence of Louis S. Tulane, legally assign to the respondent all the interest the said Mason had in two executions against Smithson, one in favor of said Mason himself, the other in favor of said Mason's daughter, Elizabeth. Respondent distinctly recollected, that if not stated so in the assignment, that the said Mason, at the time of the transfer, informed respondent that both the judgments were placed entirely within the control of respondent, as their full amount had been transferred to him,—respondent making the purchase with the belief that the said Mason not only had the right of making such a transfer in his own case, but also as the father and natural guardian of his daughter, to dispose of that also : Respondent never would have consented to give the amount he did for either of the executions separately, and this was the reason of his recollecting so distinctly the contract between him and Mason. Smithson paid to respondent a portion of the amount claimed upon the executions, or at least a sufficiency to induce respondent to transfer to Smithson the assignment given by Mason.

Louis S. Tulane, a witness for the complainant, proved the execution of the transfer and assignment, appended to the original bill of complaint.

At the Fall term, eighteen hundred and thirty-seven, the chancellor decreed, that the injunction should be dissolved, and that the complainant's bill should be dismissed as to defendants, William Mason and Elizabeth Ma-

son, and that they should recover their costs about their suit in that behalf expended of complainant, for which execution might issue.    It was further decreed, that complainant recover of the defendant, James H. Thomason, the sum of four hundred and twenty dollars and ninety cents, it being the amount of the two judgments mentioned in complainant's bill, and in the answer of said Thomason : to wit, the judgment which was recovered by defendant, Elizabeth Mason, by her father, as guardian, *ad litem*, against William Smithson, at the October term, eighteen hundred and twenty-four, of the St. Clair Circuit court, for the sum of two hundred dollars; and the judgment recovered at the same term of said court, in favor of, and in the name of William Mason, against said Smithson, for forty-five dollars, together with the interest on the said two judgments, at the rate of *eight per centum per annum*, from the time the same were rendered, until the sixteenth day of January, eighteen hundred and thirty-three, at which time the money was paid over to said Thomason, by complainant ; which two judgments, and the interest thereon, amounted to said sum of four hundred and twenty dollars, and ninety cents.

It was further decreed, that defendant, Thomason, should pay the costs of the suit, except those incurred by William and Elizabeth Mason, for which execution might issue, &c.

And the plaintiff assigned for error :

That the chancellor erred in decreeing that the complainant below should recover of the plaintiff in error,

Thomason *vs.* Smithson.

the sum mentioned in the decree,—for which he prayed the decree might be reversed, &c.

*Peck*, for the plaintiff in error.
*Brown*, contra.

ORMOND, J.—The view we take of this case, renders it unnecessary to examine the various questions which have been argued at the bar. Although we are satisfied the complainant below might have so shaped his case, as to have entitled himself to a decree against the plaintiff in error, an examination of the amended bill, by which the plaintiff in error was made a party, will show that the bill was not framed with a view to a decree against him,—nor can one be rendered in his favor against the plaintiff in error, without disregarding the well established rules of chancery practice.

The amended bill, so far from charging the plaintiff in error, with fraudulently, or without authority, collecting the two judgments against him, in favor of Mason, and his daughter Elizabeth, expressly charges, that the plaintiff had full authority from Mason and his daughter, to collect the judgments from him. It is true, the bill also charges that the complainant believes, that the plaintiff in error has combined with the defendant Mason, and his daughter, to defraud him; but this allegation, so far from charging a want of authority in the plaintiff to collect the judgments, can only be supported, on the supposition that such an authority was given for a fraudulent purpose. These being the allegations of the bill, proof showing a state of facts of an entirely dif-

7 P. 20

ferent character, which would authorise a decree against a different person, cannot have any influence in the decision of the cause.

It is true, that under the prayer for general relief, relief may be granted, different from the specific relief prayed for in the bill. But this principle has never been carried so far, as to authorise a decree against one who has not sought to be charged by the allegations of the bill.

In Wilkins vs Wilkins, (1 Johns. Ch. R. 111,) it was determined, that if a bill, besides the usual prayer for general relief, contains a prayer for specific relief, the plaintiff is entitled to other specific relief, so far as it is consistent with the case stated in the bill.

No relief can be granted under the general prayer, which is of a nature distinct from, and independent of the special relief prayed for—Franklin vs Osgood, (14 Johns. R. 527;) see also 2 Atkins' R. 141; 3 Atkins' R. 132;.2 Vesey, 225; 1 Vesey, 426; 13 Vesey, 114; 2 Atkins' R. 325.

The bill, in this case, might have been framed in the alternative, asking an injunction against the Masons, if they had authorised the plaintiff in error to collect the money due on the judgments; and against the plaintiff in error, if he had collected it without authority. This would have apprised the latter of the claim set up against him, and have enabled him, by filing a cross bill against the Masons, to have adjusted the equity as between them, or to have defended himself in any other mode the exigency of the case demanded.

The proof taken in the cause, authorised a perpetual

Thomason *vs.* Smithson.

injunction against the elder Mason, notwithstanding the denial in his answer. The proof of the subscribing witness, to the authority given to the plaintiff in error, by the elder Mason, was sufficient to countervail the denial of the answer. The principle, that an answer can only be overthrown by two witnesses, or by one witness and corroborating circumstances, does not apply to the case, of the proof by one witness, of the execution of a written instrument, which contradicts the answer.

If, therefore, there could be any decree rendered in this court against the plaintiff, it could only be for the amount of the judgment in favor of Elizabeth Mason ; but for the reason already given, no decree can be made against him in this cause. The bill must be dismissed, at the costs of the defendant in this court, and the court below ; but without prejudice to any suit which the defendant in error may think proper to prosecute against the plaintiff in error.