# BETTS vs. GUNN.

[BILL IN EQUITY FOR RESCISSION OR REFORMATION OF CONTRACT.]

1. *Rescission refused on account of plaintiff's laches and ratification after discovery of fraud.*—Equity will not rescind a contract, at the instance of the purchaser, when it appears that his bill was not filed within a reasonable time after his discovery of the alleged fraud; that he sold a portion of the property after the discovery of the alleged fraud, thus deprived himself of the power to place the defendant in *statu quo*, and did sundry other acts under the authority of the rights conferred on him by the contract.

2. *Reformation refused.*—Chancery will not reform a written contract, by the insertion of a stipulation which was designedly omitted from the writing, and trusted to the defendant's honor.

3. *Compensation in equity.*—Where a purchaser files a bill in equity for the reformation or rescission of a contract on the ground of fraud, but fails to establish his case on either point, the court has no jurisdiction to render a pecuniary judgment in his favor, for moneys advanced and paid out by him under the contract, or for damages resulting from the defendant's fraudulent representations and breach of warranty of title.

4. *What relief may be granted under general prayer.*—Where the bill prays the rescission of a contract on the ground of fraud, the cancellation or (in the alternative) reformation of the instrument which evidences the plaintiff's liability, and an account of the matters growing out of the contract, the court may, under the general prayer for other and further relief, establish an equitable set-off in favor of the plaintiff, though denying the relief specially prayed.

5. *Equitable set-off.*—Plaintiff having purchased defendant's property, and promised, in consideration thereof, to pay a specific amount of defendant's outstanding debts, and to allow him a life annuity, a court of equity will, on proof of defendant's insolvency, establish an equitable set-off in favor of plaintiff, against his liability for the annuity, on account of damages resulting from a breach of defendant's warranty of title to the property conveyed; money paid by plaintiff, at defendant's request, outside of the contract; board and other necessaries furnished, and professional services rendered as an attorney-at-law; *secus*, as to a demand for unliquidated damages arising out of a tort, and professional services rendered in suits by and against plaintiff himself concerning the property.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. A. J. WALKER.

THIS bill was filed by George W. Gunn, against Elisha Betts. Its primary object was to obtain the rescission of a contract, by which Gunn, in consideration of a conveyance to him by Betts of certain real and personal property,

bound himself to pay the outstanding debts of Betts, and also to allow him $200 *per annum* for his support. The contract was made in 1843, and the bill filed in October, 1850. The written instrument signed by Gunn only bound him to pay the annuity; but the bill alleged, that it did not truly express the contract of the parties. The bill alleged, also, in substance, that Betts represented his debts as amounting to not more than $1,000, while complainant was compelled to pay more than $2,000 on account of them; that he also misrepresented the value of the property conveyed; that complainant was unable to reduce some of the property to possession, because of conflicting and superior claims of title to it, and was much involved in litigation concerning it; that he supplied Betts with money for traveling, and furnished him with board and other necessaries. The prayer of the bill was, that the contract might be rescinded, and the plaintiff's obligation canceled, or so reformed as to express the true contract of the parties; that an action at law, instituted by Betts on the obligation, might be perpetually enjoined; that an account might be taken of all the moneys advanced or paid out by the plaintiff for Betts, and of the value of the services rendered by plaintiff in lawsuits concerning the property conveyed to him by defendant; and for other and further relief.

The cause was heard before Chancellor Clark, on motion to dismiss the bill for want of equity, and to dissolve the injunction on the coming in of the answer; and before Chancellor Walker on pleadings and proof. Each chancellor held, that the bill presented no case for a rescission or reformation of the contract, but might be retained to establish an equitable set-off in favor of the plaintiff, on account of the insolvency of the defendant; and, on final hearing, a reference of the matters of account was ordered.

Errors are here assigned, by consent, by each party. The assignments of error for the defendant are, the overruling of the demurrer to the bill for want of equity, and the final decree in favor of the complainant; for the plaintiff, the refusal of the chancellor to grant a rescission or reformation of the contract, and to allow plaintiff's claim

for damages resulting from defendant's fraud as a part of his equitable set-off.

CLOPTON & LIGON, for the defendant.

JAMES E. BELSER, for the plaintiff.

WALKER, J.—The complainant is not entitled to a rescission of the contract described in the bill, because there is no offer on his part to place the defendant in *statu quo*, and he has deprived himself of the power to do so, by a sale of a portion of the property conveyed, after he was informed of the existence of the fraud alleged; and he has waited an unreasonable length of time, after the alleged perpetration of the fraud and his knowledge of it, before filing the bill; and, knowing the fraud, he has done sundry acts under the authority of the rights conferred upon him by the contract.—See Reavis' Digest, 303–306, where the numerous decisions of this court are collected.

2. There is plainly no equity in the bill, as an application for the reformation of the contract; because the bill shows that the contract was drawn precisely as both parties intended it should be drawn. The complaint is, not that a mistake was committed in the drawing of the instrument, but that the defendant has not performed a part of the antecedent verbal agreement, which was *designedly* left out of the written contract, and trusted to the defendant's honor. It is desired to add to the contract a stipulation which, according to the complainant's bill, was intentionally left out, under the influence of a confidence in defendant, which subsequent events prove to have been misplaced. The bill says that the subject was called to the attention of the defendant, and he avoided giving his consent to the insertion of the stipulation in question, saying, "the complainant certainly had enough confidence in him to trust to his honor in that particular." It is thus manifest from the bill itself, that the defendant did not consent, but designedly omitted to consent, that such a stipulation should be in the contract. Before we can grant the relief asked, it is necessary, therefore, that

we should make a contract for the parties, instead of reforming one actually made. For a clear exposition of the law upon this subject, we refer to Parsons on Contracts, vol. 2, pp. 8–10.

3. This court has no jurisdiction to render a pecuniary judgment, for money advanced and paid out for defendant, or for damages resulting from the defendant's fraudulent representations, and the breach of the defendant's warranty of title. The complainant's remedy for those purposes is at law, unless he has a remedy for them as an equitable set-off,—a question hereinafter considered.

4. The complainant is entitled to no relief upon the facts stated in the bill, unless it be to an equitable set-off against the liability to the defendant, which is the relief allowed in the court below. It is contended for the defendant, that the chancellor erred in allowing to the complainant relief by way of set-off. The argument in support of this proposition is, that such relief is inconsistent with the specific prayer, and, therefore, not grantable under the general prayer for relief. The cases of Thomason v. Smithson, 7 Port. 144, and Simmons v. Williams, 27 Ala. 507, decide, that where there is a general and a special prayer, relief will not be granted under the general prayer, which is inconsistent with the special prayer. Conceding the correctness of this principle, it does not apply in this case. The bill contains the general prayer, and the following special prayers: that the instrument which evidences the complainant's liability to the defendant may be canceled; that the defendant may account for all payments and advances made by the complainant, over and above the amount he ought to have paid by his purchase; that the said instrument may be reformed, if not canceled; and that the defendant may account for the property conveyed, of which the complainant was unable to obtain possession. The allowance of a set-off is inconsistent with no one of the special prayers, save that for a cancellation of the written evidence of the complainant's indebtedness. It is not only perfectly consistent with the rest, but would seem to be a proper consequence of the prayer that the defendant

account. The rule invoked by the defendant is not susceptible of such an application, as would deny relief under the general prayer, because the relief is inconsistent with one special prayer, while it is consistent with all the rest, and most appropriately connected with one of the prayers for relief. The complainant has, unquestionably, the right to vary the prayer for relief, to meet every shape in which he may apprehend relief may be granted to him. Driver v. Fortner, 5 Porter, 9; May v. Lewis, 22 Ala. 646; Strange v. Watson, 11 Ala. 324; Kelly v. Payne, 18 Ala. 371; Goodwin v. McGehee, 19 Ala. 475. If the allegations of the bill make a proper case for relief, the complainant is entitled to it, notwithstanding it is not specifically prayed, and the bill may indicate that such relief was not anticipated when it was exhibited.

5. The defendant's insolvency is an established fact in the case. The claim for damages, on account of the breach of warranty of title, was not, under the law existing in this State before the Code, the subject of a set-off at law. The complainant has no adequate remedy at law. The defendant's claim against him is an annuity for life. He is liable to a suit at law, at the expiration of each year, for the annual installment. The defendant's liabilities to the complainant largely exceed the installment due when the suit was commenced. The complainant is justly entitled, not only to defeat the pending suit upon so much of the annuity as has accrued, but to balance his claims against his liability upon installments to become due in future. The defendant's insolvency and the character of the complainant's liability, under the law as settled by the previous decisions of this court, make this, beyond all question, a proper case for the set-off of all the complainant's just debts, and his claim to damages for the breach of warranty.—T., C. & D. R. R. Co. v. Rhodes, 8 Ala. 207; Wray v. Furniss, 27 Ala. 471; Donelson v. Posey, 13 Ala. 752; Carroll v. Malone, 28 Ala. 521; French v. Garner, 7 Porter, 549. The bill shows, with sufficient certainty, that, at the time when the contract between complainant and defendant was entered into, it was mutually understood between the parties that the

complainant was to pay the defendant's existing debts. Certainly the defendant expressed a wish that he should do so. The complainant bound himself to pay only one thousand dollars of the debts, and the defendant represented that as the outside amount which his debts would make. Although there was no contract that the complainant should pay the defendant's debts, it was expected and requested by the defendant that he should do so. The bill, in this respect, is fully sustained by the proof, if not by the admissions of the answer. To render the defendant liable, it is not necessary that the complainant should have paid the debts of the defendant in pursuance to the obligations of a contract: it is sufficient that such payments were made in pursuance to the request of the defendant. It follows, that all payments of the defendant's debts existing at the date of the sale, beyond the sum of one thousand dollars, which the complainant contracted to pay, constitute an indebtedness in favor of the complainant against the defendant, and a proper matter of set-off in this case.

If the complainant had been evicted from the possession of the property sold to him, under a paramount title, he might have recovered the counsel fees in the suit which resulted in his eviction, by way of damages for the breach of warranty of title. But there is no averment of any such eviction. The counsel fees of the complainant, in suits to which he was a party, and which were brought by or against him in reference to the property after his purchase, cannot be a charge against the defendant. For the services, however, rendered by the complainant in suits for and against the defendant, he would be entitled to compensation from the defendant, as he would from any other person for similar services. The fact that the complainant contracted to pay a specified amount of the defendant's debts, produced no legal obligation to attend to lawsuits or any other business for the defendant; and for all the services rendered by the complainant for the defendant, in and about his lawsuits, the defendant is legally liable to the complainant, and the complain-

ant is entitled to have the same set off against his liability to the defendant.

Unliquidated damages, resulting from a fraud, and recoverable in an action of tort, are not the subject of a set-off, either at law or in equity.—Pulliam v. Owen & Russell, 25 Ala. 492. The complainant is, therefore, entitled to no relief in this case, on account of the fraud alleged in this bill, even if it be proved, of which we are by no means certain.

If there was any contract that the defendant was not to pay for board, the use of a horse, and servant hire, during his stay at the complainant's house, it was merely verbal, and it cannot be established in contravention of the written contract. The proof does not establish that the board, servant, and horse hire were gratuitously bestowed by the complainant; and we think, that he is entitled to a reasonable compensation for those things.

It follows from what we have said, that all advancements of money by the complainant to the defendant constitute an indebtedness of the latter, which is a proper matter of set-off in this case.

The final decree, rendered by the chancellor who heard the case upon the pleadings and proof, is not altogether consistent with the principles above laid down, and it must be reversed; and a decree must be here rendered, such as we think the court below ought to have rendered. A comparison of the foregoing opinion with the chancellor's decree will show, that the decree contains an error prejudicial to the complainant, in its omission to allow him, unconditionally, a credit for all payments of the defendant's debts existing at the date of the contract; and that it contains an error prejudicial to the defendant, in the improper allowance to the complainant for a certain class of cases. The decree must, therefore, be reversed upon the assignment of errors, and also upon the cross assignment of errors; the complainant must pay the costs of the reversal upon the appeal, and the defendant the costs of the reversal on the cross assignment of errors; and the cause must be remanded for further proceedings under the following decree:

It is ordered, adjudged, and decreed, that a right of set-off in complainant's favor, against the defendant's installment of two hundred dollars *per annum*, be and is hereby established; and that the set-off shall consist of debts of the following description, to-wit: for payments in discharge of the debts of defendant existing on the 10th March, 1843; for services rendered by the complainant for the defendant, in attending to the business of the defendant, and in and about the lawsuits for and against the defendant; but not for services by the complainant in and about his own lawsuits, or in and about lawsuits of his own concerning the property purchased by him, rendered after the purchase; and also for all money advanced to the defendant, for board, servant hire, and horse hire, and for the goods and chattels furnished the defendant and alleged in the bill to have been furnished to him.

The registrar of the chancery court for Macon county is hereby required to take an account between the complainant and defendant, in which he shall charge the defendant with all debts of the above stated descriptions established before him, and interest on them from the date when they respectively accrued; and charge the complainant with the sum of two hundred dollars *per annum*, commencing on the 10th March, 1843, and interest on each installment from the end of the year; and shall ascertain and report to the said chancery court the date at which the said installments and interest on the same will amount to a sum equal to the said debts and interest on the same up to the same time; and upon the confirmation of said report, the defendant shall be perpetually enjoined from prosecuting or instituting any suit for the recovery of any installment of said annuity, or any part of such installment, accruing before the time at which such installments and interest shall equal the said debts and interest. The injunction heretofore granted is retained, to abide the further order of the court below; and the question of costs in the court below is left open for the decision of the chancellor, upon the coming in of the registrar's report. Upon the taking of the said account, the registrar may

exercise the powers, and follow the rules of evidence, proscribed in section 2934 of the Code, which is by this decree made the rule of his authority in this case.