## JOHNSON, ADM'R, *vs.* CRUTCHER.

[BILL IN EQUITY TO REFORM DEED, &C.]

1. *Deed; when will be reformed, &c.*—A father, after the death of his son leaving a widow and minor children, conveyed by deed to his administrator land which the son had occupied several years under a parol gift, intending to subject it to the claims of his creditors and his wife's dower, in the same manner as if the conveyance had been made before his death,—*Held*, that on a proper bill by the widow, equity will reform the deed, allot the dower, and apportion to the family the statutory provision of five hundred dollars worth of the land.

APPEAL from the Chancery Court of Madison.
Heard before Hon. WM. SKINNER.

The facts are stated in the opinion.

ROBINSON & WALKER, for appellant.
CABANISS & WARD, *contra*.

B. F. SAFFOLD, J.—William Crutcher made a parol gift to his son James, who was a married man with several children, of a tract of land, placing him in possession. James died after several years occupancy of the premises, without having obtained any better title. Some time after

his death, his father executed a conveyance of the land to his administrator, with the intention of subjecting it to his debts and to the dower-right of his widow in the same manner as if he had conveyed it to him prior to his death. But by mistake and misapprehension of himself and the conveyancer, this purpose was not effected, and the deed was nothing more than a simple conveyance to the son's administrator without the expression of any use or trust. The widow of James filed this bill alleging the above facts and praying for a reformation of the deed, an allotment of her dower in the land, and a reservation of five hundred dollars worth of it for the family. William Crutcher and the administrator of James were made defendants. The proof was in exact correspondence with the allegations, and the chancellor decreed the relief sought. During the pendency of these proceedings James Crutcher's estate was declared insolvent.

The jurisdiction of chancery in the allotment of dower is not taken away by the statutory jurisdiction conferred on the probate court.—*Owen v. Slatter*, 26 Ala. 547.

The reformation of a deed is only cognizable in equity, and that court will always grant relief when the mistake or other ground is clearly shown, and there will be no prejudice to rights acquired by others through the laches of the of the applicant.—*Whitehead v. Brown*, 18 Ala. 682; *Stone v. Hale*, 17 Ala. 557.

This is clearly a case where the power of reformation ought to be exerted. The mistake is proved beyond question, and there is no possibility of injury to the rights of any one.

The decree is affirmed.