# Houston *v.* Faul.

*Bill in Equity for Reformation and Foreclosure of Mortgage.*

1. *Reformation of conveyance on ground of mistake.*—When lands are incorrectly described in a conveyance, through a mistake on the part of the draughtsman, both of the parties knowing the particular tract intended to be conveyed, a court of equity will correct the mistake on timely application; and the vendor having taken a mortgage to secure the unpaid purchase-money, in which the same mistake was made in the description of the land, and having tendered a proper deed on discovery of the mistake, he may maintain a bill for the correction and foreclosure of the mortgage.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 29th March, 1888, by William Faul, against R. E. Houston and others; and sought the reformation and foreclosure of a mortgage on a tract of land. According to the allegations of the bill, the mortgage was given to secure the unpaid purchase-money of a tract of land, which the complainant had sold and conveyed to the defendants, and which was incorrectly described both in the conveyance and in the mortgage. The contract of sale was made on the 27th December, 1886, and the mortgage and conveyance were both dated on that day. The bill alleged that the mistake in the description of the land was made by the justice of the peace, in transcribing from the deed which the complainant submitted to him, and was carried into the mortgage without discovery; that the particular tract intended to be sold and conveyed was well known to said Houston. with whom complainant negotiated, and defendants were placed in possession of it; that on discovery of the mistake, in March, 1888, complainant at once prepared and tendered a new deed, containing a correct description of the land, and that the defendants refused to accept it. The defendants demurred to the bill, because it shows that the alleged mistake was caused by the carelessness and negligence of the complainant himself; and because he has an adequate remedy at law; and because he seeks to correct an alleged mistake and to have the mortgage fore-

[Houston v. Faul.]

closed. The chancellor overruled the demurrer; and his decree is now assigned as error.

GARRETT & UNDERWOOD, for appellants, cited 19 N. J. Eq. 29; 28 N. J. Eq. 316; 26 N. J. Eq. 434; 30 N. J. Eq. 612.

MARTIN & McEACHIN, *contra*, cited Pomeroy's Equity, §§ 852, 1377; 22 N. J. Eq. 407; 1 Story's Equity, § 165; *Reese v. Kirk*, 29 Ala. 406; *Dozier v. Mitchell*, 65 Ala. 511; *Berry v. Webb*, 77 Ala. 508; *Alexander v. Caldwell*, 55 Ala. 517; *McGehee v. Lehman, Durr & Co.*, 55 Ala. 318; *Johnston & Seats v. Smith*, 70 Ala. 117.

STONE, C. J.—Parties, in attempting to make a contract, sometimes appear to have agreed, when on closer inquiry they discover they have not. They misunderstand each other, either as to the subject-matter, or as to some term of the agreement. There is, in such case, an absence of that indispensable element of all contracts, the concurring assent of two minds. *Sanford v. Howard*, 29 Ala. 648. When this is the case, and it is sufficiently shown, any court having jurisdiction will declare there is no contract.

When, however, the two minds come together, and agree on the terms of a contract, and a mistake is made, not in the terms agreed, but in their expression, or the memorial made and kept to furnish evidence of them, chancery, as a rule, will reform the memorial or evidence, so as to make it express their real agreement. This is the general rule, and the averments in the present bill bring it clearly within the rule. *Alexander v. Caldwell*, 55 Ala. 517; *Dozier v. Mitchell*, 65 Ala. 511; *Berry v. Sowell*, 72 Ala. 14; *Berry v. Webb*, 77 Ala. 507; 1 Story Eq. Jur. § 165; Pom. Eq. §§ 852 *et seq.*; *Graham v. Berryman*, 19 N. J. Eq. 29; *Conover v. Wardell*, 22 *Ib.* 492; *Rowley v. Flannelly*, 30 *Ib.* 612; 2 Pom. Eq. § 866.

And having acquired jurisdiction to reform the writings, it will retain it, and grant full relief.—*Reese v. Kirk*, 29 Ala. 406.

The decree of the chancellor is affirmed.