[Peacock, et al. v. Bethea, et al.]

# Peacock, *et al. v.* Bethea, *et al.*

## *Bill to Reform Deed.*

(Decided March 2, 1907.   43 South. 864.   Rehearing denied May 14, 1907.)

1. *Reformation of Instrument; Proceedings; Jurisdiction.*—Equity has jurisdiction, upon timely application, to correct a mutual mistake of the parties to a deed in respect to the land conveyed.

2. *Same; Defenses; Prior Demand.*—Where there was a mutual mistake made in one of several deeds in partition a demand for reformation and correction of the mistake was not necessary before filing bill to that end, where the grantee of the deed in which the mistake was made had brought an ejectment suit for the recovery of the land which had been erroneously included in the deed.

3. *Same; Proceedings; Bill; Allegation of Freedom From Fault.*—Where the facts stated show that no negligence was imputable to complaint complainants need not allege in terms freedom from negligence in a bill for the reformation of the deed.

4. *Same; Sufficiency of Allegation.*—Where the bill for reformation alleges that by the agreement of the joint owners certain land, not including a parcel of land belonging to some of the joint owners of the rest, was to be bought in by one for all interested, and after being divided into parcels, lots were to be drawn for the respective shares and deeds executed therefor; that in drawing one of the deeds, a part of the parcel not belonging to all of the parties was included by mistake, and contrary to the agreement, such averments are sufficient to show freedom from negligence on the part of complainant.

5. *Same; Defenses; Laches.*—Where the mutual mistake is not known for about two years and until the grantee in the deed began a suit in ejectment for the land a bill filed within a few days after the bringing of an ejectment suit for reformation is not barred by laches, nor can complainant be said to be guilty thereof.

6. *Same; Right of Action; Condition Precedent.*—A bill for reformation of one of secveral deeds made in partion proceedings, on account of a mutual mistake is not one for cancellation and recission and the question of the status quo of the parties is not involved.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Action by Bessie L. Peacock and others against Laura C. Beathea and others. From an order sustaining a demurrer to the bill of complaint, plaintiffs appeal. Reversed and remanded.

This was a bill filed by Bessie L. Peacock and others against Laura C. Bethea and others, seeking to have a deed corrected, and that certain lands therein described be excluded from the operation of said deed. The bill avers that Mrs. Bethea has brought an ejectment suit in the circiut court of Marengo county, seeking to recover of complainants the lands alleged in the bill to be erroneously included in her deed, and was attempting to dispossess complainants of the land. The bill sets up that the lands in question formed a part of a large tract of land belonging in her lifetime to Mrs. E. W. H. Selden, the mother of Mrs. Bethea and of the complainants; that by her will Mrs. Selden gave all of the property to her children and to her husband, W. M. Selden, in equal parts, except the part known as the "Home Place" and about 100 acres adjourning it, and this she gave especially to her son Joe and daughter Bland Selden, and as to this place she made certain provisions that are fully set out in the bill, but not necessary to be here set out; that after the death of the mother all the complainants and Mrs. Bethea entered into an agreement having for its object the division of the property among the six owners thereof. This agreement is in writing, and is made an exhibit to the bill, and by it all of the lands except the "Home Place," as set out and defined in said agreement, were to be sold and bought in by one of the joint owners, and divided equally afterwards among the six owners. Bland Selden was designated as the one to buy in the property, and in accordance therewith she bought it in for all the persons interested. It was further agreed, in the agreement under which the division was had, that the "Home Place," as defined by the agreement, should not be divided, but should remain as a home for the persons mentioned in the agreement, and should be owned by said persons as

tenants in common. Persons were selected to make a
division of the property, and did so, and, when made,
lots were drawn for the respective shares. Deeds were
executed to the several parties for their respective shares.
At the time of the execution of these deeds, and for about
two years after the delivery of same among the parties,
it was not known that any part of the "Home Place" as
defined by the agreement was included in any of the
shares .and it was agreed that no part of the same was
to be included; and upon the discovery by Mrs. Bethea
that a part of the "Home Place" was included in her
deed, she commenced her ejectment suit to recover it,
and in a few days after the ejectment suit was com-
menced the complainants filed this bill to enjoin the
ejectment suit and for a reformation of the deed. It is
also averred in the bill that Mrs. Cunningham, another
daughter, had conveyed a part of her land; but it is
averred in this connection that at the time of the con-
veyance by her of a part of her land no contention had
arisen as to the boundaries of the "Home Place," and
that Mrs. Bethea had not asserted any claim of her ex-
clusive ownership to any part of the "Home Place." It
also appeared from the bill that, while so recognizing
the boundaries of said "Home Place," Mrs. Bethea had
sold and conveyed a part of the land she had acquired
in the division. The bill offered to do.equity, and com-
plainants submitted themselves fully to the jurisdiction
of the court. The question raised by demurrer is that
complainants are not entitled to relief, for the reason
that the bill fails to aver that the share sought to be
awarded to Mrs. Bethea would be an equal share if the
lands were taken away from her as sought by the bill,
and that the bill showed on its face that one of the com-
plainants, Willie L. Cunningham, had disposed of a part
of her share in the estate of her deceased mother, and

the status quo cannot be re-established between the parties. The chancellor sustained the demurrers, and from this decree this appeal is prosecuted.

THOMAS E. KNIGHT, for appellant.—The bill contains equity.—*Stone v. Hall,* 17 Ala. 557-62; *Whitehead v. Brown,* 18 Ala. 582; *Trapp v. Moore,* 21 Ala. 693; *Blackburn v. Perkins,* 138 Ala. 305; *Houston v. Faul,* 86 Ala. 232; *Dozier v. Mitchell,* 65 Ala. 511; *Berry v. Sowell,* 72 Ala. 14; *Berry v. Webb,* 77 Ala. 507; *Harris v. Ivey,* 114 Ala. 363; *Weathers v. Hill,* 92 Ala. 492; *Lester v. Johnson,* v37 Ala. 194; *Dulo v. Miller,* 112 Ala. 687; *Miller v. Morris, et al.,* 123 Ala. 164. Under the allegations of the bill a demand was not necessary.— *Weathers v. Hill,* 92 Ala. 492. It was not necessary to aver freedom from negligence in so many terms under the facts set up.—*Houston v. Faul,* 86 Ala. 232. The application for relief was in time.—*Houston v. Faul, supra; Harris v. Ivey,* 114 Ala. 363. The present bill is not a suit for recission or cancellation.—18 A. & E. Ency. P. & P. 748; *Adams v. Wheeler,* 122 Ind. 251.

HENRY MCDANIEL, and PETTUS & PETTUS, for appellee.—Courts of equity, in exercising their jurisdiction to reform instruments, proceed with the utmost caution.— 119 Ala. 333; 97 Ala. 476; 114 Ala. 582; 55 Am. St. Rep. 520. Unless the true state of the case can be established between the parties, a court of equity should refuse relief.—65 Am. St. Rep. 486; 93 Virginia 349-352. In all cases when a party asks for the reformation of a written instrument, he must stand upon some equity superior to that of the party against whom he asks relief.— *Conaway v. Gore,* 21 Kan. 725; 65 Am. St. Rep. 486. To reform a written instrument is simply to rectify, alter or reconstruct it so as to make it conform to the intention of the parties thereto. The object is to carry out

[Peacock, et al. v. Bethea, et al.]

the original agreement.—24 Am. & Eng. Ency. of Law (2nd Ed.) 611; 18 Pleading & Practice, 749. In order to grant the reformation of an instrument on the grounds of mistake, it must be alleged and proved that the minds of the parties met upon some agreement other than that, which the contract or instrument as drawn, expressed.—24 Am. & Eng. Ency. of Law (2nd Ed.) p. 648-649 and 650, and notes. The bill to correct or reform a written instrument must not only show clearly that the instrument does not express the intended contract, or agreement, but must show what *was* the agreement intended.—82 Alabama, 570; 21 Alabama, 697; 65 Am. St. Rep. 484; 18 Pld. & Practice, 824, and note 3.

DOWDELL, J.—The purpose of the bill in this case is to correct a mutual mistake of the parties to the deed in the conveyance of land, and accordingly to reform the deed. To this end, upon timely application, the jurisdiction of a court of equity is beyond question.—*Houston v. Faul*, 86 Ala. 232, 5 South. 433, and authorities there cited.

In the present bill it is shown that all necessary parties were joined, either as defendants or complainants.

The facts averred in the bill dispensed with any necessity for a prior demand on the respondent for the correction of the alleged mistake and reformation of the conveyance.—*Weathers v. Hill*, 92 Ala. 492, 9 South. 412.

It was not necessary for the complainants to aver in terms that they were free from negligence in the matter, when the facts stated in the bill show that no negligence was imputable to them.—*Houston v. Faul, supra.* The facts here stated, we think, very clearly show that the complainants were free from negligence.

We are clearly of the opinion that the complainants were not guilty of laches in the filing of the present bill.

10 R

What constitutes timely application is largely within the sound discretion of the court.—*Harris v. Ivey,* 114 Ala. 363, 21 South. 422.

The present bill cannot be considered as one for the cancellation and recission of a contract. From the opinion of the chancellor accompanying his decree this seems to have been his theory of the case. The question, therefore, of restoring the parties to their status quo is not involved. The bill is clear and definite in its averments of the mutual mistake made, and simply seeks the correction of such mistake, although the complainants affirmatively submit themselves to the jurisdiction of the court. The question is not one of a recission of a contract and restoring the parties to a former status, but simply one of correcting a mutual mistake in the memorial or writing, and thereby placing and preserving, so fas as the written memorial is concerned, the parties in that status which they intended.

The bill, as amended, was not subject to any of the grounds of the demurrer. The chancellor erred in sustaining the demurrer. His decree, therefore, will be reversed, and one here rendered overruling the demurrer.

Reversed and rendered.

HARALSON, DENSON, and MCCLELLAN, JJ., concur.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., dissent.