(81 South. 78)

STOKELY et al. v. BESSEMER COAL, IRON & LAND CO.   (6 Div. 570.)

(Supreme Court of Alabama.   Nov. 14, 1918. On Rehearing, Feb. 13, 1919.)

1. REFORMATION OF INSTRUMENTS ⟨⟩19(1)— MUTUAL MISTAKE.

Where grantor deliberately prepared and executed the warranty deed, without excepting outstanding mortgage from covenant of warranty realizing that grantee could recover for breach of covenant, notwithstanding knowledge of incumbrance, deed will not be reformed, on ground of mutual mistake by excepting mortgage from covenant.

2. REFORMATION OF INSTRUMENTS ⟨⟩19(1)— INADVERTENT OMISSION.

Where grantor inadvertently failed to except mortgage from covenant of warranty, but there was no concurrence of intention or mutual understanding between the parties that mortgage was to be excepted, deed will not be reformed so as to except mortgage, where there is no suggestion of fraud.

3. APPEAL AND ERROR ⟨⟩1033(9)—ERROR FAVORABLE TO APPELLANT.

Grantors cannot be heard to complain on appeal that decree against them for breach of warranty was for less than the amount secured by the covenant.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by J. T. Stokely and others against the Bessemer Coal, Iron & Land Company. Decree for respondent, and complainants appeal. Affirmed.

A. G. & E. D. Smith, of Birmingham, for appellants.

Percy, Benners & Burr, of Birmingham, for appellee.

SAYRE, J. Appellant, complainant in the chancery court, sold a tract of land to appel-

lee and conveyed by deed containing the general covenant of warranty. There was at the time an outstanding mortgage on the property in favor of one Bannister, as everybody connected with the transaction knew. Appellant filed its bill in this cause to reform its deed, to appellee by inserting a clause which would except the Bannister mortgage from the warranty of its deed to appellee, averring that the omission of the excepting clause from the deed had been the result of a mutual mistake. In its answer and cross-bill appellee prayed judgment against appellant and its stockholders for the amount of the damage it had suffered by reason of a breach of the covenant; the mortgage having been foreclosed whereby appellee lost the land. Counsel in elaborate and carefully considered briefs discuss two questions: Whether there was in the deed any mistake common to the parties, and, if so, whether complainant in drafting and signing the deed was not guilty of negligence which should bar the relief sought. Upon due consideration we are of the opinion that the chancellor's decree, in which he denied the relief sought in appellant's original bill and awarded relief on appellee's cross-bill, may be justified on either of the grounds proposed, and should therefore be affirmed. Hardly more than a question of fact is involved in either proposition—certainly so as to the first—and we think no beneficial purpose can be served by a detailed discussion of the evidence in all its phases. It is deemed enough to say with reference to the first-stated proposition that it seems very clear to us upon the whole evidence that, while there was a verbal agreement between Stokely, who owned one half of the capital stock of appellant corporation, with Smith and Brazelton, who between them owned the other half and who had purchased the land (except the minerals under it) on credit from appellee, and had a scheme from which they expected to realize great profits, that Smith and Brazelton would pay the outstanding mortgage on its due date, and while appellee, or its managing agent, had notice of this arrangement, there was no agreement, to which appellee was a party or by which it was in any wise bound, by virtue of which appellee was to look to Smith and Brazelton alone for the discharge of the mortgage upon their property; certainly no specific agreement or mutual understanding that the deed should be drawn in terms at all different from those in which it actually found expression.

[1, 2] There is no suggestion of fraud, and the law is clear and undisputed to the proposition that in such circumstances there can be no reformation by the courts. Betts v. Gunn, 31 Ala. 219; 2 Pom. Eq. Jur. (3d Ed.) § 854. It is pointed out that appellant's covenant, as written in the deed, was breached

202 ALA.—37

as soon as made, and that appellee's knowledge of the incumbrance did not impair his right to recover for the breach (Copeland v. McAdory, 100 Ala. 553, 13 South. 545), and it is argued that appellant, who was being advised by competent counsel, would not have entered into such a covenant. This branch of the argument goes only to the verisimilitude of appellee's version of the transaction; but we do not see that the transaction, as it appears on the face of the deed and the undisputed facts, is any more strange or anomalous than any other of a kind with that shown in Copeland v. McAdory, supra. Cases of that kind are of frequent occurrence in the books. We feel by no means sure that the persons advising and managing the transaction on the part of appellant had the law of Copeland v. McAdory in view. But this seems clear enough: If they considered that law, and yet deliberately prepared and executed the deed for appellant, then, of course, it is bound. If, on the other hand, they did not consider that law, and by reason of momentary inadvertence failed in part to consider the full legal effect of the deed, then, in the circumstances, appellant can have no relief, for, considering again the evidence upon appellant's application for rehearing, we have been confirmed in our opinion that there was no concurrence of intention or mutual understanding between the parties that the deed which was to be prepared as a memorial of the transaction in question should differ in any respect whatever from the deed that was actually executed. On the contrary, the parties were fully and precisely agreed as to that. The deed was prepared under the direction of appellant's counsel, who was also one of its directors and its largest stockholder, was submitted to him for approval, was approved, and so was executed. Appellee, on its part, submitted the deed thus prepared and executed to its counsel for approval, and, after it had been approved, accepted it in the form in which it was tendered. There being no suggestion of fraud, there can, in any aspect of the case, be no relief on the ground of mistake. Manfredo v. Manfredo, 191 Ala. 322, 68 South. 157. No doubt there was a collateral parol agreement, as we have said, but we have had no satisfactory statement of any reason why either the terms or the legal effect of that agreement should affect the existence of the covenant as it was written or appellant's liability under it.

[3] It remains only to say that appellants, the South Highland Company and its individual stockholders, against whom decree was rendered on the cross-bill, have appealed and severed in the assignment of errors, cannot be heard to complain that the decree against them was for less than the amount secured by the covenant. If that be a fact, but that is not all clear, and if that circumstance exhibits some inadvertence on the part

of the chancellor, as appellant suggests, we have not found that such inadvertence affected his finding on the main issue, the question of reformation vel non.

Our judgment is that the decree must be affirmed against all the appellants.

Affirmed.

McCLELLAN, SOMERVILLE, and GARDNER, JJ., concur.

On Rehearing.

Application overruled.