(89 South. 52)

### CUDD v. WOOD.   (8 Div. 318.)

(Supreme Court of Alabama.   April 14, 1921.
Rehearing Denied May 12, 1921.)

**I. Reformation of instruments ☜36(I), 45(3) —Particularity of averment and clear proof required.**

In a bill for reformation of a bond for title and purchase-money notes as to the description of the land, very great ·particularity of averment is required as well as very clear proof.

**2. Reformation of instruments ☜40—Allegations concerning intended description held not sufficiently certain.**

Where, in a suit to reform a bond for title and the purchase-money notes as to the lots intended to be sold, there were several amendments of the bill concerning the lots intended to be sold, the last of which struck from the bill and all amendments all averments inconsistent with the averments of that amendment, thus placing upon the opposing counsel and the court the duty of ascertaining the inconsistent averments, and also confessedly included one lot not intended to be included, the requirements of strict pleading were not met.

**3. Pleading ☜20—Sufficiency of bill tested by alternative averment.**

In a suit to reform a bond for title and the purchase-money notes, where an averment that the mistake in the description of the lots intended to be conveyed was in the alternative and separate and distinct from all others, and the point was taken by demurrer, the sufficiency of the bill was to be tested thereby.

**4. Pleading ☜34(4) — Bill construed most strongly against complainant.**

In a suit to reform a bond for title and the purchase-money notes for mistake in the description of the lots intended to be sold, where the bill alleged that the mistake was on the part of the scrivener and due to his inadvertence or misapprehension, but did not show that the scrivener was the agent of both parties, it must be held, construing the pleading most strongly against complainant, that he was complainant's agent alone.

**5. Reformation of instruments ☜19(2)—Mistake of complainant's agent will not authorize.**

If the mistake in a bond for title and purchase-money notes respecting the description of the lots intended to be sold was that of the vendor's agent alone, the vendor is not entitled to reformation; there being no mutuality of mistake.

**6. Vendor and purchaser ☜269—Enforcement of vendor's equitable lien in nature of bill for specific performance.**

A bill by a vendor who has executed a bond for title to enforce his equitable lien as vendor for the unpaid purchase price is one in the nature of a bill for specific performance.

**7. Specific performance ☜8 — Not absolute right and denied when inequitable.**

Specific performance is not a matter of absolute right, but rests in judicial discretion to be exercised according to settled principles of equity, and will not be compelled if under all

the circumstances it would be inequitable to do so.

**8. Specific performance ☜95—Denied when title subject of reasonable doubt.**

A contract for the sale and purchase of land will not be specifically enforced where the state of the title is the subject of reasonable doubt or where it is reasonable to anticipate that the purchaser will be exposed to litigation with respect thereto.

**9. Specific performance ☜114(3)—Bill held to show such doubtful title as required denial of relief.**

In a vendor's bill in the nature of a bill for specific performance, though the bill alleged that complainant had a good title, where it also showed that he had acquired title to one of the lots subsequent to the filing of the bill and averred in the alternative that, if he was mistaken as to having a good title to any of the lots, he was willing that there be an equitable abatement of the purchase price, it showed such reasonable doubt as to the validity of his title as prevented the granting of specific performance, where the title bond called for the conveyance of a good and sufficient title.

**10. Vendor and purchaser ☜128—Good and sufficient title called for without specific provision.**

A bond for title to real estate calls for the conveyance of a good and sufficient title, even without express language to that effect.

**11. Specific performance ☜87—Complainant must show readiness and ability to comply with contract.**

One seeking specific performance must show himself ready and able to comply with his part of the contract.

**12. Vendor and purchaser ☜280(I)—Prayer for deficiency decree in suit to enforce lien proper.**

Under Code 1907, § 3219, providing that in suits for the enforcement of equitable liens execution may issue for the balance found due after a sale of the property ordered and decreed to be sold, it is permissible for a vendor, suing to enforce an equitable lien for the unpaid purchase price, to include a prayer for a deficiency decree.

Appeal from Circuit Court, Morgan County; Robt. C. Brickell, Judge.

Bill by J. J. Cudd against T. P. Wood to reform a contract and to enforce a vendor's lien, the vendee having failed to pay. Decree for respondent, and complainant appeals. Affirmed.

E. W. Godbey, of Decatur, for appellant.

The court erred in sustaining the grounds of demurrer, asserting that the scrivener's mistake was inconsistent with the mutual mistake of the parties. 39 Cyc. 910, 911, 919, 920. The execution of the bond and the acceptance of the notes gave the purchaser a hold on the lots which he refuses to surrender, and for which he refuses to pay, as

well as other lots mistakenly included therein. 115 Ala. 418, 22 South. 35; 129 Ala. 531, 30 South. 735; 18 Ala. 44, 52 Am. Dec. 209; 36 Cyc. 1541. The complainant was not bound to execute and tender a deed until full payment of the purchase money. 27 R. C. L. 460, 461; 4 Port. 374, 30 Am. Dec. 530; 166 Ala. 449, 51 South. 987. It is always the duty of the purchaser to prepare and tender the deed. 55 Ala. 623; 17 Ala. 325; 5 Stew. & P. 460; 115 Ala. 307, 22 South. 84; 123 Ala. 429, 26 South. 208, 82 Am. St. Rep. 132.

G. O. Chenault, of Albany, and T. A. McDaniel, of Hartsells, for appellee.

The bill is so vague and indefinite as to be subject to grounds 1, 2, 5, and 6, sections 3094, Code 1907; 34 Cyc. 904. The bill is subject to grounds 7 and 8 of the demurrer. 18 Enc. P. & P. 740. The bill is subject to grounds 13, 14, and 15. 5 Port. 9; 104 Ala. 382, 16 South. 113; 129 Ala. 536, 30 South. 735; 186 Ala. 514, 65 South. 151; Sims' Chan. Proc. § 428; 173 Ala. 201, 55 South. 917. Demurrer No. 9 was properly sustained. 38 N. J. Eq. 629; 34 Cyc. 920; 223 Mo. 688, 122 S. W. 1022, 135 Am. St. Rep. 534. Demurrer 11 was good. 202 Ala. 26, 79 South. 364; 6 Pom. Eq. § 801.

GARDNER, J. Appellant was the owner of a suburban tract near Hartsells, Ala., which was surveyed and platted, and divided off into lots, advertised and auctioned by real estate dealers, the appellee becoming a purchaser of four of the lots, with the privilege of buying others at the same price, which was done. All of the details of the sale were conducted by the real estate dealers without the appellant's participation in any respect. Appellee paid $60 in cash, and executed three notes for $60, each payable 6, 12, and 18 months after date with a stipulation therein that, if default be made in any one of said series and remains unpaid for a period of 30 days, all of the series shall immediately become due and payable, and the holder may, at his option, proceed to enforce collection of all of them. Appellant executed a bond for title obligating himself to convey a good and sufficient title upon the payment of the purchase money. There were mistakes in the description of the lots, both in the bond for title and in the notes, some of the designated numbers of the lots being erroneous, and appellant filed this bill for a reformation of these instruments, and for the enforcement of his equitable lien as vendor. There were four amendments to the original bill, by way of additions thereto. The respondent's demurrer to the bill as last amended was sustained, and from this decree the complainant prosecuted the appeal.

[1] In a bill for reformation very great particularity of averment is required, as well as very clear proof. Camper v. Rice, 201 Ala. 579, 78 South. 923; Dexter v. Ohlander, 95 Ala. 467, 10 South. 527; Warren v. Crow, 195 Ala. 568, 71 South. 92.

[2] In the original bill it was alleged that the lots first purchased included lots 19 to 22, inclusive, and lots 34 and 40 to 46, inclusive, all in block C. An amendment was then filed to the bill averring that the complainant had acquired the title to lot 34, and now offers to convey the same. By a still later amendment it was averred that, if mistaken as to the description set forth, the property sold to the respondent included lots 19 to 22, inclusive, lot 39, and lots 40 to 46, inclusive. The same amendment in the other alternative included still another lot in this description which would make the whole 13 lots instead of 12. There was still another amendment as to the description, being the last amendment filed, in which the complainant attempted to set up other descriptions of the lots, striking nothing from the original bill or the amendments thereto, but adding in a separate paragraph the following general language:

"Complainant strikes from the bill and all amendments all averments inconsistent with the averments of this amendment"

—thus placing upon opposing counsel as well as upon the court the duty of a close examination of the original bill and the several amendments, to ascertain inconsistent averments, and also there is confessedly an error of description in this last amendment, in that lot 23 is included therein when not so intended. This does not meet the requirements of strict pleading in cases of this character, as set forth in the foregoing authorities. The assignment of demurrer taking this point was well made.

[3-5] As to the error in the description of the lots, no fraud or inequitable conduct is charged; but in equity this feature of the bill rests upon the fact that the mistake was common to both parties, which is an indispensable element to the reformation here sought. While the mutuality of mistake may be sufficiently averred in some of the paragraphs, yet in the bill as last amended paragraph 20 averred in the alternative that the mistake referred to was a mistake on the part of the scrivener, and due to his inadvertence or misapprehension. This averment being in the alternative, and separate and distinct from all others, and the demurrer taking the point, the sufficiency of the bill is to be tested thereby. It is not shown that the scrivener was the agent of both parties, and, construing the pleading most strongly against complainant, it must be held that the scrivener was complainant's agent alone. Therefore, if the mistake was only that of the agent of one of the parties, the complainant, this will not authorize reformation, be-

cause mutuality of mistake is not made to appear. 34 Cyc. 920; Meek v. Hurst, 223 Mo. 688, 122 S. W. 1022, 135 Am. St.. Rep. 531; Warren v. Crow, supra; Camper v. Rice, supra. This assignment of demurrer was also well taken.

[6-8] As to the enforcement of the equitable lien, a bill of this character is one in the nature of a bill for specific performance. Munford v. Pearce, 70 Ala. 452; 6 Pom. Eq. Jur. 747. Specific performance is not a matter of absolute right, but rests in judicial discretion to be exercised according to the settled principles of equity. It will not be compelled if, under all the circumstances, it would be inequitable to do so, and as said by this court in Boylan v. Wilson, 202 Ala. 26, 79 South. 364:

"A contract for the sale and purchase of land will not be compelled where the state of the title is the subject of reasonable doubt, or where it is reasonable to anticipate that the purchaser (respondent) will be exposed to litigation with respect thereto."

[9, 10] While in some parts of the bill the complainant alleges that he has a good title to the lots, yet in one of the amendments it appears that he has acquired title to one of the lots subsequent to the filing of the bill, and in paragraph 23 of the bill as amended it is averred in the alternative that, if he is mistaken as to having a good title to any of the lots, he is willing that there be an equitable abatement of the purchase price. Considering the bill as a whole, and bearing in mind that the complainant, who is the owner, is the one who himself is casting shadow upon the title, we think that such reasonable doubt is made sufficiently to appear as to the title as will deny to the complainant the relief of specific performance. The bond executed by the complainant calls for the conveyance of a good and sufficient title, and such indeed was the legal effect of the contract, even without this express language. Penney v. Norton, 202 Ala. 690, 81 South. 666; Chapman v. Lee's Adm'r, 55 Ala. 620; 39 Cyc. 1446. The court will not compel the respondent to buy a lawsuit,. or to accept a doubtful title. Boylan v. Wilson, supra.

It appears from this bill that the respondent purchased all the lots for a lump sum, paying $60.00 in cash, and executing three notes for $60.00 each. Doubtless the location of the lots is a matter of importance to the purchaser, and affects very materially their valuation.

[11] The complainant seeking specific performance must show himself ready and able to comply with his part of the contract (Linn v. McLean, 80 Ala. 360), and it is not made to appear from the bill that complainant has a right to require the respondent to accept a certain number of lots less than the whole and abate the purchase price for any lots the title to which might fail.

[12] The brief of counsel for appellee seems to contend that in such cases a bill is defective for praying for a deficiency decree, but this is permissible under our statute. Section 3219, Code 1907. See note to Johnson v. McKinnon, 13 L. R. A. (N. S.) 874.

It is further insisted that the bill shows complainant failed to read over the contract, and was therefore negligent to such an extent as to bar him from the relief of reformation. We are not impressed with this insistence. Negligence sufficient to bar relief does not appear from the averments of the bill. Kinney v. Ensminger, 87 Ala. 340, 6 South. 72; Houston v. Faul, 86 Ala. 232, 5 South. 433; 23 R. C. L. 349, 350.

It results the decree of the court below was correct, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.