(104 So. 827)

PARRA v. COOPER et al. (6 Div. 384.)

(Supreme Court of Alabama. June 18, 1925.)

1. **Reformation of instruments** ⟜36(1), 45(5)—Mutual mistake must be pleaded and shown with great clearness and particularity.

To warrant reformation of a deed as to description of land conveyed, great particularity of averment, as well as very clear proof, is required.

2. **Reformation of instruments** ⟜45(5)—Burden of clearly proving mistake is on complainant.

In suit for reformation of description in conveyance because of mistake, complainant has burden of proving mistake by clear and convincing evidence, and relief is never granted on mere probability or preponderance of evidence.

3. **Reformation of instruments** ⟜45(5)—Stipulation in deed held to corroborate testimony supporting finding of mistake.

In suit for reformation of deed because of mistake in including title in fee instead of merely title to timber growing on lands, stipulation in deed that grantees should pay interest on timber not removed within five years, except as to some of lands which had to be cleared in five years, held to corroborate testimony of mistake, and support decree allowing reformation.

Appeal from Circuit Court, Marion County; Ernest Lacy, Judge.

Bill in equity to reform a deed by Dudley Cooper and others against Mike Parra. From a decree for complainants, respondent appeals. Affirmed.

E. B. Fite, of Hamilton, J. C. Milner, of Vernon, and B. A. Lincoln, of Columbus, Miss., for appellant.

In a bill for reformation, very great particularity of averment is required, and mutuality of mistake must be made to appear. Cudd v. Wood, 205 Ala. 682, 89 So. 52;

Camper v. Rice, 201 Ala. 579, 78 So. 923; Dexter v. Ohlander, 95 Ala. 467, 10 So. 527; Warren v. Crow, 195 Ala. 568, 71 So. 92; 34 Cyc. 920; Stokely v. Bessemer, etc., Co., 202 Ala. 576, 81 So. 78; Kant v. A. B. & A., 189 Ala. 48, 66 So. 598; Meek v. Hurst, 223 Mo. 688. Where complainant is guilty of culpable negligence, he will be barred from relief. Kinney v. Ensminger, 87 Ala. 340, 6 So. 72. The burden of proof to establish mistake is upon complainant. Patterson v. Hannan, 150 Ala. 189, 43 So. 192; Sellers, Bullard & Co. v. Grace, 150 Ala 181, 43 So. 716; Lucas v. Boyd, 156 Ala. 427, 47 So. 209; Page v. Whatley, 162 Ala. 473, 50 So. 116; White v. Henderson-Boyd Lbr. Co., 165 Ala. 218, 51 So. 764.

K. V. Fite, of Hamilton, and R. G. Redden, of Vernon, for appellees.

Where a deed does not express the agreement between the parties, from ignorance or want of skill of the draftsman, or from any other cause, equity will reform it. Larkins v. Biddle, 21 Ala. 252; Trapp v. Moore, 21 Ala. 693; Clopton v. Martin, 11 Ala. 187; Stone v. Hale, 17 Ala. 557, 52 Am. Dec. 185; Houston v. Faul, 86 Ala. 232, 5 So. 433; Harris v. Ivey, 114 Ala. 363, 21 So. 422; Reddick v. Long, 124 Ala. 260, 27 So. 402; Fields. v. Clayton, 117 Ala. 538, 23 So. 530, 67 Am. St. Rep. 189; Berry, Douville & Co. v. Sowell, 72 Ala. 14.

THOMAS, J. The bill is for correction of deed to real property. The bill as amended in this cause was filed by the appellees, in which it is alleged that Dudley Cooper sold to the defendant, Mike Parra, certain property consisting of the merchantable timber on the lands described for a consideration of $4,500, together with a period stated from the date of said instrument to cut and remove said timber. It is further alleged that it was intended by both the complainants and the defendant that the timber and timber rights indicated or as limited thereinabove mentioned should be conveyed, and nothing more, and not the fee to the lands specifically referred to, but that the person who prepared said deed made a mistake in its preparation, and so wrote the deed as to make it convey other property not sold and the fee-simple title to the lands described, which was contrary to the agreement and intent of the respective parties. A certified copy of the record of the deed from complainants to defendant is made an exhibit to the bill. The bill further avers that the deed was so drawn up, and the error in the description of the property conveyed was made by the party preparing the same, without the knowledge of the complainants; that they signed the same thinking that it only conveyed the timber and timber rights pursuant to their agreement of sale; that it was mutually agreed and understood between the complainants and the defendant that said sale was only to cover the timber and timber rights on the land specifically described. The prayer of the amended bill asks for reformation so as to conform to the agreement of sale made by the parties.

The defendant filed answer to the bill, setting up his contention or understanding of the fact; that the deed was made in accordance with the agreement of the parties concerned, conveying some of the lands in fee simple, while as to others only the timber and timber rights were conveyed. His answer denied that there was any mistake or that there was mutual mistake; averred that he paid a fair price for the property as described in his deed; and denied all the material allegations of the bill with reference to the subject-matter.

The testimony of complainants' witnesses tended to support their theory that a mistake was made by Mitchell, who was the attorney employed by the complainant Dudley Cooper to prepare said deed; while the testimony of the defendant and his witnesses tended to support the contention of the defendant that the deed correctly expressed the contract as made between the parties to this cause, and that the defendant paid a fair value for all the rights conveyed by said deed. The evidence presented by respondent presents a conflict.

[1] The law of such a case is well established. In a bill for reformation of a deed as to the description of the land conveyed great particularity of averment, as well as very clear proof, is required. Cudd v. Wood, 205 Ala. 682, 89 So. 52; Camper v. Rice, 201 Ala. 579, 78 So. 923; Dexter v. Ohlander, 95 Ala. 467, 10 So. 527; Warren v. Crow, 195 Ala. 568, 71 So. 92.

[2] In a suit for reformation of the description in a conveyance because of mistake, the burden of proof is upon the complainant to make out his case by proof that is clear and convincing—that the intention and agreement he would have substituted in the instrument was that of both parties to such instrument. Such relief is never granted upon a mere probability or mere preponderance of evidence. Hataway v. Carnley, 198 Ala. 39, 73 So. 382; Page v. Whatley, 162 Ala. 473, 50 So. 116; Gralapp v. Hill, 205 Ala. 569, 88 So. 665; White v. Henderson-Boyd Lumber Co., 165 Ala. 218, 51 So. 764.

The rule stated by Mr. Chief Justice Stone has not been departed from. It is:

"When, however, the two minds come together, and agree on the terms of a contract, and a mistake is made, not in the terms agreed, but in their expression, or the memorial made and kept to furnish evidence of them, chancery, as a rule, will reform the memorial or evidence, so as to make it express their real agreement. This is the general rule, and the averments in the present bill bring it clearly within the

rule. Alexander v. Caldwell, 55 Ala. 517; Dozier v. Mitchell, 65 Ala. 511; Berry v. Sowell, 72 Ala. 14; Berry v. Webb, 77 Ala. 507; 1 Story Eq. Jur. § 165; Pom. Eq. § 852 et seq.; Graham v. Berryman, 19 N. J. Eq. 29; Conover v. Wardell, 22 Id. 492; Rowley v. Flannelly, 30 Id. 612; 2 Pom. Eq. § 866." Houston v. Faul, 86 Ala. 232, 233, 5 So. 433, 434.

This was the rule of the earlier cases. Johnson v. Crutcher, 48 Ala. 368. It has not been departed from. Traylor v. Clayton, 205 Ala. 284, 87 So. 521.

Negligence that would bar relief was recently considered as follows:

"It is further insisted that the bill shows complainant failed to read over the contract, and was therefore negligent to such an extent as to bar him from the relief of reformation. We are not impressed with this insistence. Negligence sufficient to bar relief does not appear from the averments of the bill. Kinney v. Ensminger, 87 Ala. 340, 6 So. 72; Houston v. Faul, 86 Ala. 232, 5 So. 433; 23 R. C. L. 349, 350." Cudd v. Wood, 205 Ala. 682, 684, 89 So. 52, 54; Peacock v. Bethea, 151 Ala. 141, 43 So. 864.

In Johnson v. Crutcher, supra, it is recited that the mistake and misapprehension of the grantor and conveyancer prevented the purpose of the agreement from being accomplished, and relief was granted. That the court looks to the intent of the parties is an ancient rule. Trapp v. Moore, 21 Ala. 693, 697. In the last cited case Mr. Chief Justice Chilton thus states it:

" * * * If, through mistake, a written agreement contains substantially more or less than the parties to it intended, or, from ignorance or want of skill in the draftsman, the object and intention of the parties as contemplated by the agreement is not expressed in the written instrument, by reason of the use of inapt expressions, upon clear and satisfactory proof of such mistake, equity will interpose and reform the agreement, so as to make it conformable to the true intent of the contracting parties."

It is yet the rule. Skidmore v. Stewart, 199 Ala. 566, 75 So. 1.

In the case of Stone, Trustee, v. Hale, 17 Ala. 557, 52 Am. Dec. 185, the attorney employed by the grantor to draw the instrument by mistake or accident did not so draw the same as to effect the purpose and intent of the parties; and in equity it was reformed so as to express that purpose and intent of the parties to the transaction or agreement. This case has been adhered to by our court. Orr v. Echols, 119 Ala. 340, 24 So. 357; Dulo v. Miller, 112 Ala. 687, 20 So. 981.

We have carefully considered all the evidence, and are of opinion that the circuit court reached the proper conclusion of fact. The respondent was given notice to produce the option and telegram, which he was un-able or failed to do. The substance and legal effect thereof is given by the witnesses. The substance of the agreement being stated to the attorney, the conveyance as drawn did not conform to the agreement of the parties as shown by the evidence and documents exhibited.

[3] The stipulation in the deed that "Mike Parra shall have five years in which to cut and remove the said timber from said lands and after that date he may or his assigns may have all the time they want to cut and remove the said timber, after the five years have expired, by paying six per cent. on the above purchase price of said lands, or any part thereof, except the N. W. ¼ of the S. W. ¼ and S. W. ¼ of N. W. ¼ of Sec. 20, T. 11, R. 14 West, on which there is the five years time only, situated," etc., corroborates complainants' evidence, and supports the decree rendered. This conveyance presents a distinction from the cases of Stokely v. Bessemer C., I. & L. Co., 202 Ala. 576, 81 So. 78, and Cudd v. Wood, 205 Ala. 682, 89 So. 52. The evidence clearly convinces us that the mistake of the scrivener was such as to cause a mutuality of mistake.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.