22 So.2d 26

**GULLION v. HOWARD.**

**8 Div. 288.**

Supreme Court of Alabama.

April 12, 1945.

Rehearing Denied May 17, 1945.

W. C. Rayburn, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellee.

THOMAS, Justice.

The bill sought reformation of conveyances of land under the provisions of the statute. Code 1940, Tit. 9, § 59; Tit. 47, § 136. The editor's notes to the Code point out the slight difference between these two statutes. Many decisions of this court applicable to the case at bar are collected in Parra v. Cooper, 213 Ala. 340, 104 So. 827.

The rules of pleading that obtain are collected in City of Oneonta v. Sawyer, 244 Ala. 25, 12 So.2d 82.

The facts on which reformation is sought are specifically stated in the bill and are sufficient to that end.

The record has been carefully examined and all the testimony shows that the parties to the conveyance were old and unlearned in the law. That they explained their intention to the scrivener, who did not write the first conveyance pursuant to their instructions, all of the parties being before him at the time. It is further without dispute that the parties to such conveyance consulted an attorney, and another deed was executed, which itself did not express the intention of the parties. During the two or three months after the deed was made, W. O. Abney did not perform any of the required services and a short time thereafter, while attempting to rob the bank at Arab, was killed. Hence he did not fulfill the conditions that warranted him to take title, effective in enjoyment from and at the death of the Howards.

The decree of the court was to the effect that the first conveyance dated October 8, 1935, should be reformed, so as to express the intention of the parties, and that the purpose was that the deed conveyed the life interest in said property to Theney Howard, and at her death, the property was to revert to W. O. Abney, and that the consideration moving from Abney being that he would live with and care for the Howards during their lifetime. The trial court correctly gave force and effect to the intention of the parties, the decree of the court being as follows:

"Upon a careful reconsideration of the pleadings and testimony in this cause, the Court is of the opinion that the final decree rendered on June 9, 1943, was laid in error, and that the same should be set aside and relief granted the complainant.

"The said final decree was based on the assumption by this Court that 'without convincing testimony that there was a mistake by the Scrivener in the preparation of the two decrees [deeds] referred to, the complainant's case must fall without regard to whether other material allegations in the complaint have been properly proved.' the Court is now of the opinion that under the

pleadings relief may be granted, if the complainant has made out a case for reformation of the deed first executed by the Caseys and Mrs. Berry and, further, if a forfeiture of the rights of W. O. Abney thereunder should be had.

"As to the question of reforming the said deed of date of October 8, 1935, the Court is of the opinion that it was the intention of the parties to the transaction, including W. O. Abney, that a condition should be ingrafted in the deed that Abney was to care for Theney Howard, and her husband during their lifetime and at their death the property described therein should revert to the said W. O. Abney and the Court is further of the opinion that the scrivener, by reason of mistake or misapprehension, failed to incorporate it in the deed. Under such circumstances, the deed should be reformed, to express the intention of the parties.

"The question next arises as to whether, under the circumstances, the right of W. O. Abney should be forfeited because of his death and noncompliance with the condition of the deed. The testimony shows that he only lived a matter of two or three months after the execution of the deed, and was not able, during so short a period, to perform the said condition to any appreciable extent. As this Court understands the authorities, his death and failure to perform will work a forfeiture of the condition.

"It is, therefore, ordered, adjudged and decreed by the Court that The deed executed on the 8th day of October, 1935, between Oscar Casey and wife, Lizzie Casey, and *Timey* Berry to Theney Howard and W. O. Abney be, and the same is hereby, reformed so as to convey to the said W. O. Abney the remainder interest in said land after the death of the said Theney Howard on the condition that he care for the said Theney Howard and her husband during her lifetime; and it is further ordered, adjudged and decreed by the Court that remainder interest in said W. O. Abney be, and the same is hereby, forfeited and held for naught for and on account of his death and failure to perform the condition in said deed; and it is further ordered, adjudged and decreed by the Court that the title and ownership of the land described in said deed as follows; Lots 11, 12 and 13 of the subdivision of the Oscar Casey property in the SE¼ of SE¼ of Section 4, Township 8, Range 2 East, in Marshall County, Alabama, as shown by Plat recorded in Plat Book No. 1, at page 162 in the Probate Office of Marshall County, Alabama, be, and the same is hereby, vested in the complainant. It is further ordered, adjudged and decreed by the Court that the final decree in this cause rendered on the 9th day of June, 1943, be and the same is hereby set aside in all respects wherein it conflicts with this decree on rehearing.

"It is further ordered, adjudged and decreed by the Court that the complainant be, and he is hereby, denied the relief prayed on the motion for a rehearing with reference to the reasonable value of the use of the property since the defendant, Verna Gullion, has been in possession thereof. In response to objections noted by the respondents on the trial of the case and later renewed on submission, the objections of respondents to the testimony of declaration made by the said Theney Howard with regard to circumstances surrounding the making of the second deed by the attorney be, and the same are hereby, sustained; and that other objections made by the respondents be, and the same are hereby, overruled. * * *"

The decree of the trial court, as hereinabove set out, is free from error and is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.