# Dexter v. Ohlander.

*Bill in Equity for Reformation or Cancellation of Written Instrument.*

1. *Reformation of written instrument in equity.*—To authorize the reformation of a written contract on oral evidence, requires very great particularity of averment, and very clear proof.
2. *Refunding bond on dissolution of injunction.*—When a bill seeks to enjoin and stay proceedings on a judgment at law, it is error to dissolve the injunction on the denials of the answer, without requiring the execution of a refunding bond by the defendant (Code, § 3531); but the error will be corrected on appeal, and the decree affirmed as correc ed.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by R. P. Dexter against Aug. Ohlander, and sought an injunction against a judgment at law which the defendant had recovered against the complainant, and the reformation or cancellation of the written instrument on which said judgment was rendered. Said written instrument was dated August 27th, 1887, signed by said Dexter, and in these words: "I have received from Mr. A. Ohlander a relinquishment of his lease with L. Lawall, for consideration of $150 to be paid him in ten days, and use of the premises until Nov. 1st, 1887, free of rent." The bill claimed and alleged that this instrument was not intended as an obligation to pay money, but only as a receipt for another written instument of the same date, which was

[Dexter v. Ohlander.]

signed by Ohlander, and in these words: "In consideration of $150 to be paid to me within the next ten days, and to allow me to continue the use of the store-house N. W. corner of Dexter avenue and Bainbridge streets, for use of storing furniture, until Nov. 1st next, free of rent, I agree to relinquish and give up all my right and claim to above-mentioned store-house that I have by virtue of a five years lease from M. L. Lawall." Ohlander brought an action at law on the instrument first set out, and, after two trials in the court below, obtained a judgment which was affirmed by this court on appeal.—93 Ala. 441. The bill in this case was filed after the affirmance of that judgment. The chancellor dissolved the injunction on the denials of the answer, and his decree is here assigned as error.

THORINGTON & SMITH, for appellant.

E. P. MORRISSETT, and WATTS & SON, contra.

STONE, C. J.—It requires very great particularity of averment, and very clear proof, to authorize the reformation of a written contract.—1 Story's Equity, § 152; Campbell v. Hatchett, 55 Ala. 548; Turner v. Kelly, 70 Ala. 85.

The answer is a full denial of every averment of the bill which tends to give it equity, and the chancellor did not err in dissolving the injunction. The suit, however, being instituted to enjoin and "stay proceedings on a judgment at law," the decree is imperfect in that it did not order and "require of the defendant a refunding bond," according to the provisions of section 3531 of the Code of 1886. The decretal order of the chancellor is here corrected and amended, so as to require the defendant, Ohlander, to give a refunding bond with two sufficient sureties, in double the amount of the sum enjoined, as a condition precedent to the enforcement of said judgment; the bond to be payable and approved as required by the statute.

Let the costs of this appeal be paid equally by appellant and appellee.

Corrected and affirmed.