# Warren, *et al. v.* Crow.

### Bill to Reform and Foreclose Mortgage.

#### (Decided February 3, 1916. 71 South. 92.)

1. **Reformation of Instrument; Mortgage; Sufficiency of Bill.**—The bill for the reformation of a certain mortgage, and its foreclosure considered and its allegations considered and held sufficiently definite to show the land conveyed, the land omitted, and the intention of the parties with respect to it when executing the mortgage, and therefore good as against demurrer.

2. **Pleading; Construction.**—While a pleading is to be construed most strongly against the pleader, yet the language used should be given a reasonable construction.

APPEAL from DeKalb Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by J. O. Crow against F. M. Warren and others, first, to reform a certain mortgage, and as reformed, to foreclose it. From a decree overruling demurrers to a bill, respondents appeal. Affirmed.

M. W. HOWARD, and ISBELL & SCOTT, for appellant. DAVIS & BAKER, for appellee.

GARDNER, J.—Bill by appellee for reformation and foreclosure of a certain mortgage executed by appellants to one Goodhue, which said mortgage was duly transferred to appellee. Demurrer to the bill was overruled; hence this appeal.

(1, 2) The only insistence of counsel for appellants is that the bill is insufficient in its averments to the effect that it was the intention of the parties at the time of the execution of the mortgage that the land in question be included therein. While it is a well-settled rule that the pleading is to be construed most strongly against the pleader, yet the language used should be given a reasonable construction. We are of the opinion that the demurrer was properly overruled. A copy of the mortgage is made an exhibit to the bill. The fourth paragraph avers that a mistake was made in the description of the real estate of Isaac C. J. Warren intended to be conveyed by said mortgage. The description of the same as appears in the mortgage is then given,

and it is also averred that this description fails to include about 37 acres, which was omitted therefrom by inadvertence or mistake on the part of the draftsman of the mortgage. The fifth paragraph describes the property as it should have been described according to the contention of complainant, and concludes with the averment, in substance, that such was the express intention and understanding of all the parties. Paragraph 6 also purports to give a correct description of the real estate which—to use the language of said paragraph—"was agreed and intended to be conveyed in said mortgage deed." It is also averred in the eighth paragraph that a correct description of said real estate is shown by a plat of the land made by a certain surveyor, which "said plat was submitted to Chas. M. T. Sawyer, the draftsman of said mortgage, by the respondents, as a description of the real estate intended to be conveyed in said mortgage, at the time and before said mortgage was drawn."

Other averments not here noted, in connection with those above stated, make the bill sufficiently definite to show the land conveyed and that omitted, and the intention of all the parties with respect to the same at the time of the execution of said mortgage. We conclude, therefore, that the decree overruling the demurrer is correct, and the same is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.