(88 South. 648)

FOWLER v. FOWLER et al.    (8 Div. 282.)

(Supreme Court of Alabama.    April 14, 1921.)

**I. Evidence ⬤ 383(7)—Presumed that a conveyance fully speaks truth.**

The presumption arises from a deed conveying land that it fully speaks the truth and that the grantees therein are the owners of the land, and this presumption must prevail until the contrary is established beyond a reasonable controversy, and the burden of removing such presumption rested upon cross-complainants in an action by one of the grantees for partition who relied on the deed.

**2. Trusts ⬡⇒77—Consideration establishing resulting trust must have been paid at time of purchase.**

Persons seeking to establish a resulting trust in land must not only show that the consideration moved from them, but that it was paid contemporaneous with the purchase of the land.

**3. Parent and child ⬡⇒5(1)—Parent entitled to services of minor children.**

A widow is entitled to the services of her minor children, and minor children who assisted in farm work upon the homestead of their widowed mother had no title to the proceeds of the farming operation.

**4. Trusts ⬡⇒91—"Constructive trust" defined.**

A "constructive trust" arises when the legal title to property is obtained by one in violation, express or implied, of some duty owed to one who is equitably entitled thereto, and when the property thus obtained is held in hostility to his beneficiary's rights of ownership, but such trusts are often termed trusts in invitum.

**5. Trusts ⬡⇒365(2)—Relief denied under doctrine of laches.**

In partition where defendants attempted to establish that plaintiff held the legal title in trust, *held*, that defendants should be denied relief under the doctrine of laches, having shown no sufficient excuse why the claim was not asserted during 30 years transpiring after conveyance of land to plaintiff.

**6. Tenancy in common ⬡⇒15(1)—Defendants in partition held barred from asserting tenancy in common.**

Where complainant in partition and his mother upon the face of the record were joint owners of land, and complainant resided upon such land for a long number of years and for 30 years received the rents, incomes, and profits therefrom, and paid the taxes thereon, with no recognition of any rights on the part of defendant brothers and sisters, the latters' claim that they were tenants in common was completely barred, having known of complainant's claim to the land during the 30 years.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Bill by John A. Fowler against Bingham Fowler and others for the sale of land for division. Decree for respondents, and complainant appeals. Reversed and remanded.

The original bill was filed by appellant against appellees for the sale of 40 acres of and for division among the parties as tenants in common. The complainant alleged his interest as being an undivided ½ interest in the land by right of purchase and of an undivided 1/22 interest by inheritance from Martha Fowler, his mother.

The respondent answered the bill admitting that the parties were tenants in common, and that the land could not be equitably divided without a sale; but denied that complainant owned a half interest by purchase, but insisted he only owned a

child's interest as the others. The answer further avers that the father of the parties to this suit purchased the land during his lifetime, paying part of the purchase money and going into possession; that after his death the widow and all the children, working in common, paid the balance of the purchase money out of their income from the farm, and that the deed was made to the mother, Martha Fowler, and complainant, who was the oldest child; and that complainant held his interest merely as trustee; that complainant being the oldest stood in the position of loco parentis, and that whatever deed was made to him was for the use and benefit of all the children; and, further, that a reference be ordered for an accounting by the complainant for rents and profits.

Upon the finding, heard on pleadings and proof, the court entered a decree ordering a sale of the property, but fixed the interest of complainant at a child's part only as by inheritance from his mother; and from this decree he prosecutes this appeal.

John A. Lusk & Son, of Guntersville, for appellant.

The deed in this case cannot be held to be a resulting trust in favor of the respondent. 5 May. 934; 72 Ala. 110; 86 Ala 289, 5 South. 732; 196 Ala. 221, 72 South. 74; 62 Ala. 129; 117 Ala. 423, 23 South. 534; 16 Vt. 500, 42 Am. Dec. 521; 44 Ala. 227; 61 Ala. 108; 87 Ala. 395, 5 South. 741; 79 Ala. 351; 102 Ala. 277, 14 South. 644; 39 Cyc. 129; 1 Perry on Trusts, §§ 189, 217, 220. The cross-complainant was barred by laches and staleness of demand. 121 Ala. 311, 26 South. 3; 67 Ala. 599; 55 Ala. 525; 61 Ala. 41; 132 Ala. 201, 31 South. 476.

Isbell & Scott, of Ft. Payne, for appellees.

Fowler was a trustee for his minor brothers and sisters. 39 Cyc. 169, 171; 107 Ala. 331, 18 South. 277. The appellees were not guilty of laches. 25 Cyc. 115; 39 Cyc. 471, 607; 149 Ala. 78, 43 South. 368.

GARDNER, J. In the original bill it was averred that complainant owned by purchase a one-half undivided interest in the 40 acres here sought to be sold for division, and the cross-bill sought to have the title thus acquired declared as held in trust for the respondents; the effect of the decree of the court below being to award this relief. This is the only question here presented for consideration.

We will briefly state the conclusions which we have reached from a study of the evidence, without entering into a discussion thereof. The father of complainant, with his family, at the time of his death in June, 1883, resided upon 120 acres of land, ad-

joining the 40 acres here in controversy. He had contracted with one Duckett for the purchase of this 40 acres, but we are of the opinion he had paid no part of the purchase money; nor had he been placed in possession, and so far as this record discloses the contract was verbal. He was in bad health, and unable to do much work. There is evidence tending to show that he told complainant that if he would stay there and work and pay for the place he might have it. There were twelve children, complainant being the oldest—23 or 24 years of age—all the others being minors, with the possible exception of one girl who, the testimony shows, was "about 21 years old." Complainant and his mother, Martha Fowler, after the father's death, assumed the management of the farm. In October, 1883, a deed to this 40-acre tract was executed by Duckett, and was made to John A. Fowler [complainant] and his mother, Martha Fowler. He continued to reside with his mother upon the home place for a period of 2 years after the execution of this deed, when he married and moved on this 40-acre tract, where he continued to reside for a period of 12 years, at the end of which time he moved across the county line, about a half mile therefrom, but has continued to cultivate the land. The mother died some 6 years previous to the filing of this bill.

[1] It is very uncertain as to when the purchase money was paid, but we are inclined to the view that the major portion of it must have been paid subsequent to the execution of the deed. It was paid out of the income from the home place. The presumption arises from the conveyance offered in evidence that it fully speaks the truth, and this presumption must prevail until the contrary is established beyond reasonable controversy. The burden of removing such presumption rested upon the cross-complainants. Lehman v. Lewis, 62 Ala. 129.

[2, 3] To establish a resulting trust the cross-complainants must show, not only that the consideration moved from them, but that it was paid contemporaneous with the purchase. Preston v. McMillan, 58 Ala. 84; 3 Pom. Eq. Jur. § 1037.

It must be recalled that if a resulting trust could be enforced against the complainant here, it could also have been enforced against complainant and his mother during her lifetime. As the widow, Martha Fowler, had the right to continue to occupy the homestead until the assignment of her dower interest, or until the homestead was set apart as exempt, she had the right to manage and control the same. The complainant had reached manhood's estate, and was free to labor for himself; while the widow was entitled to the services of the minor children, the cross-complainants here. They were maintained at the homestead, and the mere fact they assisted in the farm work by no means gave them title to all the proceeds of that produced. Not only does the proof fail to show that the purchase money was paid by the cross-complainants as a part of the original transaction, but it likewise fails to show that cross-complainants in fact paid any portion of the purchase price. It needs no discussion therefore to demonstrate that cross-complainants have wholly failed to make out a case of resulting trust.

[4] Counsel for appellees, however, appear to insist that the proof is sufficient to disclose a constructive trust growing out of the relationship of the parties—citing Lacey v. Pearce, 191 Ala. 258, 68 South. 46; Waller v. Jones, 107 Ala. 331, 18 South. 277. Such a trust arises when the legal title to property is obtained by one in violation, express or implied, of some duty owed to the one who is equitably entitled, and when the property thus obtained is held in hostility to his beneficiary's rights of ownership. Such trusts are often termed trusts in invitum. 3 Pom. Eq. Jur. § 1044; Haney v. Legg, 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81. The father is not shown to have had any estate, either legal or equitable, in this land, and therefore his heirs acquired no interest therein by descent, so far as the record discloses; at the time of his death, the purchase of this 40 was open to any one, under the facts as we have found them, as previously stated herein. We think these facts, in connection with what has been said above, also demonstrate that the evidence here fails to bring the cause within the influence of this principle, and we consider further discussion unnecessary.

[5, 6] Moreover, it would appear that the relief sought by the cross-bill should be denied upon the doctrine of laches. The deed to complainant and his mother was executed more than 36 years previous to this litigation, and the burden rested upon the cross-complainants, after the lapse of so long a time, to show sufficient excuse why the claim was not asserted at an earlier period. Gayle v. Pennington, 185 Ala. 53, 64 South. 572. No such excuse is shown. The parties were not tenants in common, as insisted by counsel for appellees. Upon the face of the record, complainant and his mother were joint owners. The complainant not only resided upon the land for a long number of years, but for all this period of time has received the rents, incomes, and profits therefrom, and paid the taxes thereon, with no recognition of any rights on the part of any of the other children. Those cross-complainants who testified in the cause in substance admit they knew of complainant's claim to this 40. Gilbert Fowler testified that he knew of it "directly after the deed was made." J. W. Fowler, another brother

stated he knew of his [complainant's] claim since the date of his father's death; and W. H. Fowler testified that all the family "spoke of this 40 as John's 40." It will appear therefore that the claim here asserted is completely barred. Gayle v. Pennington, supra; Martin v. Kelly, 132 Ala. 201, 31 South. 476; Brackin v. Newman, 121 Ala. 311, 26 South. 3.

We are therefore of the opinion the trial court erred in failing to recognize complainant's one-half undivided interest by purchase. The decree will therefore be reversed, and the cause remanded to the court below that a decree may be there entered in conformity with the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.