(94 South. 300)

## HENLEY v. MASONIC TEMPLE ASS'N et al. (6 Div. 656.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Trusts ☞371(2)—Allegations of fraud in handling estate held insufficient.

A bill to establish a trust, alleging that the estate of complainant's grandfather, who died more than 30 years previously, when plaintiff was 14 years old, had been fraudulently handled and decrees of the court fraudulently procured; whereby a business associate of decedent had gained title of lots belonging to decedent and soon thereafter went into possession, which he retained until his death, nearly 20 years later, held too indefinite and insufficient upon which to predicate any impeachment of the decrees involved.

2. Trusts ☞365(5)—Complainant held guilty of laches in asserting fraudulent handling of ancestor's estate.

Complainant, asserting a trust, who was 14 years old when his grandfather died, and allowed more than 30 years to elapse, after attaining his majority, before making inquiry as to the rights of parties in possession of certain property which composed a part of the estate, during which time these parties were actively in, possession, and the means of knowledge were within his reach, was guilty of laches for failure to assert his claim.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Tom Peters Henley against the Masonic Temple Association, the City of Birmingham, and the County of Jefferson, to establish a trust in lands. From a decree sustaining demurrer, complainant appeals. Affirmed.

W. G. Rains and E. O. McCord & Son, all of Gadsden, for appellant.

Property impressed with a trust, or the proceeds thereof, may be followed as long as it can be identified in the hands of subsequent holders who are not bona fide purchasers. 196 Ala. 25, 71 South. 335; 200 Ala. 329, 76 South. 95. The duty to commence proceedings can arise only upon a discovery of the fraud. 142 Ala. 160, 39 South. 97; 75 Ala. 58; 83 Ala. 258, 3 South. 515; 85 Ala. 95, 4 South. 625. Where the facts represented are peculiarly within the vendor's knowledge and of which the person is ignorant, he is under no obligation to examine the public records, and his failure to do so does not affect his right of action. 20 Cyc. 57; 191 Ala. 175, 67 South. 983; 74 Ala. 555; 75 Ala. 58; 142 Ala. 166, 39 South. 97.

W. J. Wynn, W. A. Jenkins, W. K. Terry, and W. H. Woolverton, all of Birmingham, for appellees.

A bill alleging disposition of complainant's alleged equity under a decree of court fraudulently obtained, without specific allegations showing how the same was fraudulently obtained, cannot be maintained. Henley v. Rucker, ante, p. 165, 93 South. 879; 134 Ala. 647, 32 South. 1009, 92 Am. St. Rep. 48; 72 Ala. 389; 114 Ala. 630, 21 South. 534; 34 Ala. 455. Laches alone is sufficient to bar equitable relief, and the defense may properly be raised by demurrer. 143 Ala. 428, 39 South. 403; 169 U. S. 237, 18 Sup. Ct. 307, 42 L. Ed. 730; 72 Ala. 388; 87 Ala. 586, 6 South. 271; 116 Ala. 572, 21 South. 495. Actual possession by the ancestor at the time of his death, known to complainant for more than 20 years after he reached majority and before filing of the bill, was sufficient as a matter of law to charge him with notice as to the nature of his ancestor's claim and to bar complainant for laches. 143 Ala. 427, 39 South. 403; 171 Ala. 544, 54 South. 685.

GARDNER, J. Appellant prosecutes this appeal from the decree of the court below, sustaining the demurrer to his bill as amended. The bill was filed upon the theory of establishing and enforcing a trust in certain lots in the city of Birmingham, embraced in a very general description in the first item of the will of Thomas Peters, deceased, complainant's grandfather. This provision of the will directed that one Sloss, a friend of the testator, take charge of and sell all the testator's interest in Birmingham,

paying all balances due and reserving the remainder for the grandson, Thomas Peters Henley, complainant to this bill.

[1] As we construe the bill Sloss did not assume to act under this authority, but one Johnson was appointed administrator with the will annexed, and proceeded with the administration of the estate. The lots, the subject-matter of this litigation, were in the possession of Thomas Peters at the time of his death in September, 1883, but were held under a bond for title from the Elyton Land Company, with a balance remaining due thereon. The bill charges that one Hillman procured from the administrator this bond for title fraudulently, and had a new bond issued to himself, and subsequently obtained title from the Elyton Land Company, the date of the deed being 1887; that Hillman conspired with Sloss and the administrator to procure possession of this bond of title. While the exact age of complainant is not stated, yet we construe the bill as disclosing his age at near 14 years at the time of his grandfather's death in 1883. Hillman was not named in the will, but the bill alleges that he was a business associate of the testator, but for aught that appears the association may have been of such a character as to be of little significance. As previously stated, the bill charges that Hillman acquired his title in 1887, and went into possession and continued in possession of said lots until his death in 1905, and that his widow remained in possession thereof until her death in 1917, and the records disclose Hillman's claim of title. The bill, as amended, however, discloses, as we construe its averments, that the estate of Thomas Peters was disposed of under decrees of court, but it is alleged that the estate had been mishandled and fraudulently disposed of for grossly inadequate sums of money under such decrees, which decrees had been illegally and fraudulently procured. For the impeachment of these decrees, it is too clear for discussion that the fraud charged in such general terms is entirely insufficient. Henley v. Rucker (Ala. Sup.) 93 South. 879; [1] De Soto Co. v. Hill, 194 Ala. 537, 69 South. 948; Hogan v. Scott, 186 Ala. 310, 65 South. 209.

[2] But the bill is objectionable upon still another theory, that of laches. It appears that said Thomas Peters made his home upon the property in question for a number of years, extending to the time of his death, and this fact was known to the complainant, and whether he knew or was informed as to the nature of his title, this fact would at least serve the purpose of placing him upon inquiry concerning the same. The bill shows he left the state, and, to use the language of counsel, "became a wanderer upon the face of the earth." The bill was filed in June, 1920, the property all the while being in the adverse possession of a stranger to the estate under claim of title. It was manifestly incumbent upon complainant to excuse this long delay. He alleges that when he inquired about the estate he was always informed that it was insolvent, and that the entire property was required for the payment of the debts, and that Hillman so represented, and thus was he lulled into inaction. But during all these years the records of the administration of the estate were open for his inspection, and not until 1919, in looking over the court records, did he discover that he had been defrauded. No diligence whatever has been shown, but for a period of 30 years after he had reached his majority he has permitted Hillman and his widow to remain in adverse possession of the property, and files this bill after the death of both. The bill shows that the record disclosed Hillman's claim of title from the Elyton Land Company, and no reason appears why an inquiry from that company would not have furnished the complainant with the information which he alleges he only acquired in the year 1919. This would appear to be an additional source of information from that of the record of the administration of the estate. As said in Cole v. Birmingham Union Ry., 143 Ala. 427. 39 South. 403, "Means of knowledge are equivalent to knowledge." Suffice it to say without further discussion, we are of the opinion the bill shows upon its face that the complainant has been guilty of laches, and the assignment of demurrer pointing out this defect was well taken. Gayle v. Pennington, 185 Ala. 53, 64 South. 572; Ala. Coal Co. v. Gulf Coal Co., 171 Ala. 544, 54 South. 685; Cole v. Birmingham Union Ry., supra.

It results the decree of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

[1] Ante, p. 165.