(96 South. 223)

JOHNSON v. SANDLIN et al.   (6 Div. 775.)

(Supreme Court of Alabama.   April 5, 1923. Rehearing Denied May 10, 1923.)

1. Reformation of instruments ⬥13(3)—Chancery court held to have jurisdiction to correct description in administrator's deed.

Where it is established that at an administrator's sale, of which all the interested parties had notice, all the real property of decedent was sold, but through a mistake the deed given did not include all, the chancery court has jurisdiction, under Code 1907, § 3917, to correct the description in the deed by decree.

2. Reformation of instruments ⬥45(1)—Courts should exercise caution and require high degree of proof.

Courts should exercise great caution and require a high degree of proof in cases of reformation of written instruments.

3. Reformation of instruments ⬥45(5)—Evidence held to warrant reformation of an administrator's deed so as to include all of decedent's realty.

Evidence *held* to warrant reformation of an administrator's deed as to land included.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill of Josie Johnson against John F. Sandlin and others. From a decree for respondent Sandlin, complainant appeals. Affirmed.

James Kay, of Oneonta, for appellant.

No fraud is alleged, none is proved, and evidence of statements made by decedent, as to the mistake in description of the lands, was illegal, hearsay, and could not be relied

---

upon. Mortgage Co. v. Turner, 105 Ala. 520, 17 South. 85; Guilmartin v. Urquhart, 82 Ala. 570, 1 South. 897; Hough v. Smith, 132 Ala. 204, 31 South. 500; Moore v. Tate, 114 Ala. 582, 21 South. 820; Austin v. Willis, 90 Ala. 421, 8 South. 94; Hodges v. Denny, 86 Ala. 226, 5 South. 492. The chancery court cannot extend the provisions of an administrator's deed, so as to make it include a greater interest than that authorized by the petition and decree. Code 1907, § 2622; Bromberg v. Yukers, 108 Ala. 577, 19 South. 49; Rainey v. McQueen, 121 Ala. 191, 25 South. 920. And parol evidence is not admissible to show a mistake in the description in the bill and decree. Donehoo v. Johnson, 113 Ala. 126, 21 South. 70: 14 Cyc. 1009; 17 Cyc. 826; 18 Cyc. 721; Fielder v. Childs, 73 Ala. 567.

Russell & Johnson, of Oneonta, for appellees.

· The ancestor having received his portion of the purchase money of a deed supposed to have included the land in question, his heirs are estopped to claim the land. Oden v. Dupuy, 99 Ala. 36, 11 South. 419, 12 South. 605. Courts of equity have jurisdiction to reform deeds that do not speak true intention of the parties, by reason of mistake or fraud. Houston v. Faul, 86 Ala. 232, 5 South. 433; Fields v. Clayton, 117 Ala. 538, 23 South. 530, 67 Am. St. Rep. 189; Goulding v. Blanchard, 178 Ala. 298, 59 South. 485; Williams v. Williams, 183 Ala. 585, 62 South. 843. And have jurisdiction to correct mistakes in probate proceedings under which lands have been sold. Vaughan v. Hudson, 129 Ala. 176, 30 South. 75. Defendant had title by adverse possession, which was triable in this suit. · Goodson v. Brothers, 111 Ala. 589, 20 South. 443; Owen v. Moxon, 167 Ala. 615, 52 South. 527.

GARDNER, J. Appellant filed this bill against the appellees, seeking a sale for division of 25 acres of land situated in Blount county among the joint owners thereof. The parties to this suit, other than respondent Sandlin, are the heirs at law of Tilman and Samuel Boyd, deceased, and the land here involved, prior to 1902, was jointly owned by the said Tilman and Samuel Boyd, who were brothers.

In the year 1902 Tilman Boyd sold his farming interest to his brother Samuel Boyd. The latter was married, but had no children. Tilman Boyd was single and lived in the house with Samuel. The evidence shows that after this sale Samuel Boyd had charge and possession of this particular land, renting the same and using it as his own. In 1912 Samuel Boyd died, and one Parker was appointed administrator of his estate. Upon obtaining an order for the sale of the lands of the decedent, Parker, as administrator, sold the land at public outcry, respondent Sandlin and his brother Lewis be-

coming the purchasers for the sum of $2,075, the purchase money being paid and distributed among the heirs. The purchasers were placed in possession. John and Lewis Sandlin subsequently divided the land between themselves, the property here in question going to John Sandlin, the respondent.

All the respondents who are the heirs of Tilman and Samuel Boyd permitted decrees pro confesso to be entered against them, and the litigation is in fact between the complainant and John Sandlin, the purchaser at the administrator's sale. Sandlin filed an answer denying that Tilman Boyd was the owner of the land at the time of his death, and setting up the facts above outlined, insisting that he acquired title by adverse possession. The answer also averred that in the sale of the land by Tilman Boyd to his brother in 1902 by mistake of the scrivener the 25 acres here involved were not properly described or were omitted, and also that a similar error occurred in the sale by Parker, as administrator of the estate of Samuel Boyd, deceased. A reformation of these deeds was sought, and the answer was made a cross-bill, to which the complainant filed answer containing a general denial. The court below denied relief to complainant and granted the cross-complainant relief; and from this decree an appeal is prosecuted.

Much evidence was offered bearing upon the question of mutual mistake of the parties in the description of the land in the deed, as well as the question of adverse possession. Numerous witnesses who were without interest in this suit testified to declarations made by Tilman Boyd subsequent to the execution of the deed to his brother Samuel, which tend to support the theory that in the execution of the deed he intended to convey all the land he owned, including the 25 acres here in question. In addition to this, one Reid, the notary public who wrote the deed and took the acknowledgment of the parties, testified that the parties to the transaction called his particular attention to this fraction of land, and that, if it was not included in the deed, it was his error, for he was so instructed to include it by the parties at the time of the execution of the deed. The testimony of this witness is without dispute, and clearly makes out a case for reformation.

The testimony of the administrator of the estate of Samuel Boyd also demonstrates that the omission in the description of this fraction of land in the sale under decree of the probate court was a clerical error, as it was the purpose of that proceeding to offer for sale all the land owned by Samuel Boyd at the time of his death; and it is further shown that Tilman Boyd, who was living at that time, directed attention to the fact that this land was included in the sale.

[1] It is not questioned that as to those proceedings all the parties interested had no-

tice; that the lands sold for their full value, and the purchase price had been paid to those entitled to receive it. Under such circumstances the chancery court has jurisdiction to correct the description of lands by decree, by virtue of section 3917 of the Code of 1907. Vaughan v. Hudson, 129 Ala. 176, 30 South. 75.

[2] That the courts exercise great caution and require a high degree of proof in cases of reformation of written instruments is of course well recognized (Ohlander v. Dexter, 97 Ala. 476, 12 South. 51; 3 Mayf. Dig. 226); but an examination of this record is persuasive that this high degree of proof has been met in the instant case.

Moreover, the testimony is full and sufficient upon the question of adverse possession. Upon the sale of the land by Tilman Boyd to his brother Samuel, the latter took possession and had full control of this particular tract of land, claiming and using the same as his own until the time of his death, and the purchasers at the administrator's sale likewise had such open, notorious possession, which has been continuous and uninterrupted.

[3] We have reached the conclusion that the court below was entirely correct in the decree rendered, and, as the complainant and other heirs of Tilman Boyd are shown to have no interest in the property involved in this litigation, the action of the court below in denying to complainant the removal of the administration of the estate of Tilman Boyd, deceased, from the Cullman probate court to the Blount circuit court in equity could in no manner prejudicially affect complainant's rights, and needs no consideration. The decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.