(107 So. 908)

**CHAMBLESS et al. v. KENNAMER et al.**
(8 Div. 841.)

(Supreme Court of Alabama. March 18, 1926.)

**1. Equity ⟜71(3)—Where relief sought was against transaction occurring 30 years before filing bill, burden was on complainants to excuse delay.**

In suit to have title to land vest in complainants as next of kin of deceased aunt, where relief sought was against a transaction occurring more than 30 years before filing of

the bill, burden was placed on complainants to excuse so long a delay.

**2. Pleading 214(3)—On demurrer to bill, allegations, held to warrant assumption that wife acquiesced in husband's taking deed to property purchased by her.**

In suit to have title to land vest in complainants as next of kin of deceased aunt, whose husband, in purchasing for her, took title in himself, where averments of bill were consistent with hypothesis that the aunt had full knowledge as to manner of execution of deed to husband and acquiesced therein, on demurrer, in absence of allegation to the contrary, it must be assumed that such was the case.

**3. Trusts 365(4)—Bill to have title to land vest in complainants held subject to demurrer for laches.**

Where land was purchased by deceased aunt of complainants and by deed of June 12, 1893, it was, by mistake or inadvertence, deeded to her husband, right to file bill to have property vest in her arose on execution of the deed, and bill by heirs claiming under her to have title vest in them was demurrable for laches; aunt's death not having tolled limitations.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by J. G. Chambless, Oscar Thomas, M. D. Thomas, S. S. Wright, and J. T. Thomas against W. A. Kennamer, individually and as administrator of the estate of W. W. Derrick, deceased, Sallie Kennamer, Eliza Melton, Helen Kennamer, and Della Schultz. From a decree on demurrer, complainants appeal. Affirmed.

Milo Moody, of Scottsboro, for appellants.

The remaindermen could not sue until after the death of the life tenant. The statute does not run against the heirs of the wife until the death of the husband. 17 R. C. L. 193, 982; 13 R. C. L. 1405; American Bond Co. v. Fourth National Bank, 88 So. 838, 205 Ala. 652; Haney v. Legg, 30 So. 34, 129 Ala. 619, 87 Am. St. Rep. 81.

Proctor & Snodgrass and John B. Tally, all of Scottsboro, for appellees.

The statute began to run from the time of Mrs. Derrick's knowledge of the facts. Coyle v. Wilkins, 57 Ala. 108; Humphres v. Terrell, 1 Ala. 650; Sims v. Canfield, 2 Ala. 555; Johnson v. Johnson, 5 Ala. 90; Johnson v. Toulmin, 18 Ala. 50, 52 Am. Dec. 212. A court of equity will refuse to aid stale demands. 12 Ency. Law, 534; Askew v. Hooper, 28 Ala. 634; James v. James, 55 Ala. 525. Where the statute is once in motion, it cannot be interrupted, except by statute. 13 Ency. of Law, 731; Underhill v. Mobile Co., 67 Ala. 45; Holt v. Wilson, 75 Ala. 66; Sem- ple v. Glenn, 6 So. 46, 9 So. 265, 91 Ala. 245, 24 Am. St. Rep. 894.

GARDNER, J. By this bill complainants seek to have the title to certain lands therein described vested in them as next of kin and heirs at law of Nancy Derrick, née Nancy Thomas. The demurrers of respondents taking the point that the bill was barred by laches having been sustained, complainants have prosecuted this appeal for a review of the decree on demurrer.

From the bill it appears the land was at one time a part of the estate of W. C. Thomas (the father of Nancy Derrick), and was sold by the administrator of said estate, W. W. Derrick, the husband of Nancy bidding in the lands for his wife, the purchase money therefor being paid by said Nancy Derrick giving credit to said administrator for such part of her distributive share of the estate of her father; that on June 12, 1893, said administrator, as such, executed this deed to the land to W. W. Derrick, the husband of Nancy, "by mistake or inadvertence, when the deed should have been executed to Nancy L. E. Derrick." A few months thereafter, on September 6, 1893, Nancy Derrick died leaving no lineal descendants, the complainants being next of kin as her nephews and nieces, and the husband continued to occupy the land to the time of his death in 1924. W. W. Derrick subsequently remarried, and his widow now claims her dower interest in the land. The deed was never recorded, and the bill, as amended, alleges ignorance on the part of complainants that the deed was executed in the name of the husband, or that he was holding the land otherwise than by his right of courtesy, and that the husband had told them at his death the land "would revert to them."

[1] It is to be observed that relief is sought against a transaction occurring more than 30 years before the filing of this bill, placing the burden upon complainants by this bill to excuse so long a delay. Henley v. Masonic Temple Ass'n, 94 So. 300, 208 Ala. 371; First Baptist Church (Col.) v. Stokes (Ala. Sup.) 107 So. 76, ante, p. 234.

[2, 3] The equity of the bill rests upon the doctrine of a resulting trust. Its averments are consistent with the hypothesis that the wife had full knowledge as to the manner of the execution of the deed to the husband and acquiesced therein. On demurrer, in the absence of allegation to the contrary, it must be assumed that such was the case. Fowler v. Ala. I. & S. Co., 51 So. 393, 164 Ala. 414. Complainants claim through the wife. The right of the wife to file the bill arose upon the execution of the deed in June, 1893, and from that time the statute of limitations began to run. There is no averment of fraud or concealment of facts as to the wife, and,

as just noted, she is here assumed to have had full knowledge. The following quotations here pertinent were noted with approval in Ala. Coal Co. v. Gulf Coal Co., 54 So. 685, 171 Ala. 544:

"As a party is generally charged with the laches of his privies, * * * it follows that knowledge of an ancestor will be imputed to an heir. * * * The knowledge of others who might have sued, but did not, may raise the presumption of invalidity against plaintiff in spite of his own ignorance of the transaction. * * * A party, himself diligent, may be precluded from relief by the negligence of others, as a grantor, a personal representative by that of the decedent."

And in the Fowler Case, supra, the court said:

"The salutary rule of pleading * * * requires that, if the delay in asserting a right against adverse claim be great, a sufficient excuse be alleged. There is, of course, a corresponding rule in respect to the burden of proof. Nor is a stale claim freshened or relieved of this burden by passing from hand to hand."

The death of Nancy Derrick did not operate to stop the running of the statute of limitations or the application of the equitable principle of laches which then "began to gather strength to the detriment of the equitable title here asserted." Fowler v. Ala. I. &. S. Co., supra.

The case of Haney v. Legg, 30 So. 34, 129 Ala. 619, 87 Am. St. Rep. 81, cited by counsel for appellant, is readily distinguishable. The deed there in question was executed at a time when the husband was the wife's trustee, and as to the allegations of the bill the opinion states:

"The averment is not only that complainant had no knowledge that the deed to her husband was made to him, but that he never asserted any ownership of the land. On the contrary, he recognized the trust and asserted that the land belonged to her."

It thus appears that quite a different case was there presented than that here under consideration.

The case of Brackin v. Newman, 26 So. 3, 121 Ala. 311, cited and distinguished in the Haney Case, supra, is here very much in point. See, also, Gayle v. Pennington, 64 So. 572, 185 Ala. 53.

We are of the opinion the authorities herein noted fully support the ruling of the court below to the effect that the bill is subject to demurrer for laches, and the decree rendered will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.