176 So. 455

**MORAGNE v. MORAGNE et al.**

**7 Div. 450.**

Supreme Court of Alabama.

Oct. 14, 1937.

Rehearing Denied Nov. 4, 1937.

Hood & Murphree, of Gadsden, for appellant.

Culli, Culli & Swann, of Gadsden, for appellees.

ANDERSON, Chief Justice.

The appellant, her sister, Mrs. Jennie Rifkin, and her brother, Joe S. Moragne, were joint owners of considerable real estate in Etowah county inherited from their parents who died many years ago, and in 1930 they entered into a voluntary agreement for a partition of said real estate and executed mutual conveyances. It appears that in 1908 their father, James M. Moragne, executed a mortgage on a portion of his real estate, payable to his four daughters, including the appellant and Mrs. Rifkin, the other two daughters having died, and their interest in the mortgage was inherited by the two surviving sisters as well as their only brother, Joe S. Moragne. It also appears that Mrs. Rifkin had been paid her original interest in the mortgage, and at the time of the partition of the real estate the mortgage was owned jointly by the appellant, Mary, Mrs. Rifkin, and their brother, Joe, the former having the major interest. It appears that much of the real estate divided or partitioned in 1930 was not embraced in the mortgage and that each of the three owners got some of the unincumbered property in the division. It also appears that each of them got some of the lots or parcels embraced in the mortgage, the brother, Joe, receiving only an 11-acre tract near Attala which had been included in the mortgage. After the division, but before the present bill was filed, Joe died and his estate was declared insolvent.

The original bill was filed so as to eliminate the 11 acres from the deed to Joe and to subject it to the payment of the mortgage. By final amendment of the bill this theory was abandoned and the bill as amended sought a reformation of the deed to the brother, Joe, so as to prevent its operation as a satisfaction or relinquishment of the mortgage as to the 11 acres, upon the theory that it was never intended in the execution of the deed to him that the mortgage was to be satisfied or relinquished as to said 11 acres. In other words, the bill, as last amended, seeks a reformation only as to the deed to Joe so as to make the 11-acre tract received by him bear the burden of the mortgage and takes no account of the parcels conveyed by Joe to the two sisters which were embraced in the mortgage.

Pretermitting the question of a failure of the bill to make a specific offer or effort to do equity by reforming the other two deeds so as to subject the lots or parcels conveyed to the sisters to the said mortgage and conceding that the general offer in the prayer to do equity will suffice, we think the decree of the trial court must be affirmed for other reasons.

It is true that the brother, Joe, had complete control of the property for many years, and the complainant and her sister reposed every confidence in him and usually executed papers upon his request or advice without inquiry or hesitation, but, from aught appearing, he did not in this transaction defraud or overreach his sisters. Indeed, the complainant, who owned the largest interest in the mortgage, may have received the most valuable part of the property in the division. Nor does it appear that the parties mutually understood or intended to preserve the mortgage so as to continue it as a lien on the real estate allotted to each other, certainly not as to the 11-acre tract only which was deeded to the brother. In other words, it is inferable that the idea of reforming the deed to Joe so as to preserve the mortgage was an afterthought arising out of the death of the brother and the insolvency of his estate and was an effort to salvage this parcel of land from the creditors.

Courts should use great caution and require a high degree of proof in cases of reformation of written instruments. Johnson v. Sandlin, 209 Ala. 430, 96 So. 223. "The proof must be clear, exact, and satisfactory that the writing does not express the intention, of the parties, and also as to what the parties did intend the writing should contain." Lipham v. Shamblee, 205 Ala. 498, 88 So. 569. See, also, 17 Alabama Digest, Release, p. 45. This rule is especially salutary in cases like this one where death has sealed the lips of the party against whom relief is sought.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.