68 So.2d 709

## DARDEN v. MEADOWS et al.

### 5 Div. 555.

Supreme Court of Alabama.

Nov. 12, 1953.

Hines & Hines, LaFayette, for appellant.

R. C. Wallace, LaFayette, for appellees.

MERRILL, Justice.

Appellant has appealed from a decree of the Circuit Court, in Equity, of Chambers County, sustaining demurrers to the original bill and to the bill as amended.

The complainant, Mr. Darden, filed this bill against the heirs at law of his deceased wife, Sarah Carson Darden. After describing the property, the complainant alleges that he purchased it from George H. Lanier and wife on August 1, 1919, and that a deed was executed, delivered and recorded in the probate office of Chambers County.

The next two paragraphs of the bill are as follows:

(5) "Your complainant avers that through mutual mistake and error Sarah Carson Darden's name was placed on said deed as one of the grantees, along with your complainant."

(6) "Your complainant further avers that he paid all of the purchase price of said property above described, and he further avers that Sarah Carson Darden paid none of the purchase price of said property and has no interest in said property at the time of said sale, and at the time of her death. Complainant avers that he first discovered that Sarah Carson Darden ('s) name (was) on said deed when he sold part of said after (above) described property in 1950."

The bill prayed that the court would decree that complainant is the owner in fee simple of the property, declare that respondents have no interest in said property, and will reform and correct the deed executed by George H. Lanier and wife, and for general relief.

The respondents filed demurrer, assigning as grounds, no equity, laches, prescription and statutes of limitation.

Judge Walton, in a sound and extended opinion and decree, sustained the demurrer on the ground that the complainant was guilty of laches.

Complainant then amended the bill as follows:

(1) "That the deed complained of in this cause was executed on August 1st, 1919, by George H. Lanier and Marie L. Lanier but that said deed was accepted and placed in a trunk and that no examination was made of said deed until 1947 at which time it was noticed that it was not recorded, and that at said time the deed was recorded in Mortgage Record Volume 227 Page 257, Office of the Judge of Probate, Chambers County, Alabama. A photostatic copy of said deed is hereunto attached and marked 'Exhibit A'. That there was no cause for examination, of said deed and that at the first time any question of ownership arose, the error was discovered and that there has been no delay in said prosecution of the correction of the error."

(2) "That during the time since 1919 the complainant has been in active possession of the premises, that

no one has questioned his right or title, that the property was assessed in his name alone, and that he has paid the taxes on the same since the date the property was purchased."

Respondents filed the same demurrers and they were again sustained.

■ If complainant sought to set up mutual mistake as a ground for reformation of the deed, the facts in paragraph 5 are not sufficient.

■ The case of Lewis v. Belk, 219 Ala. 343, 122 So. 413, enunciates three principles applicable here:

(1) " 'It requires very great particularity of averment, and very clear proof, to authorize the reformation of a written contract'. Dexter v. Ohlander, 95 Ala. 467, 10 So. 527; Camper v. Rice, 201 Ala. 579, 78 So. 923; Warren v. Crow, 195 Ala. 568, 71 So. 92."

(2) "Reformation is sought solely on the ground of mistake, no fraud intervening. Mutuality of the mistake is essential. Camper v. Rice, supra; Warren v. Crow, supra."

(3) "The bill seeks the reformation of a deed after the passage of more than thirty-five years (here thirty-two years) from the date of its execution. Under the uniform decisions of this Court, it was therefore incumbent upon complainants to aver sufficient excuse for so long a delay. Henley v. Masonic Temple Ass'n, 208 Ala. 371, 94 So. 300; Chambless v. Kennamer, 214 Ala. 293, 107 So. 908; Fowler v. Fowler, 205 Ala. 514, 88 So. 648; Gayle v. Pennington, 185 Ala. 53, 64 So. 572; Bellamy v. Pitts, 216 Ala. 40, 112 So. 328; Patterson v. Weaver, 216 Ala. 686, 114 So. 301; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124."

■ If complainant intended to allege that there was a resulting trust in favor of complainant paragraph six was not sufficient. See Hooks v. Hooks, 258 Ala. 427, 63 So.2d 348. Since the parties were husband and wife, the presumption of a resulting trust will not arise when the conveyance is to the wife with purchase by the husband, as he is considered under a legal or moral obligation to make provision for her and a gift will be presumed. Roubicek v. Roubicek, 246 Ala. 442, 21 So. 2d 244; Marshall v. Marshall, 243 Ala. 169, 8 So.2d 843.

In Banks v. Banks, 253 Ala. 252, 44 So.2d 10, 12, the Court said:

"Our cases make it abundantly clear and with good reason that when this result (resulting trust) is sought, there is a presumption that the conveyance speaks the whole truth and must prevail until the contrary is established beyond reasonable controversy. Fowler v. Fowler, 205 Ala. 514, 88 So. 648; Heflin v. Heflin, 216 Ala. 519, 113 So. 535; Lauderdale v. Peace Baptist Church of Birmingham, 246 Ala. 178, 19 So.2d 538."

■ It is to be observed that relief is sought against a transaction occurring more than thirty years before the filing of this bill, placing the burden upon complainant by this bill to excuse so long a delay. Chambless v. Kennamer, 214 Ala. 293, 107 So. 908, and the question can be raised by demurrer. Ussery v. Darrow, 238 Ala. 67, 188 So. 885; Drummond v. Drummond, 232 Ala. 401, 168 So. 428.

■ The following statements, omitting cases cited, are found in Salvo v. Coursey, 220 Ala. 300, 124 So. 874, 875:

"The rule of laches is well understood. It precludes relief where, as the result of delay, the original transactions have become so obscure by lapse of time or loss of evidence as to render it difficult or hazardous to do justice or danger of doing injustice. * * * This rule has application where the matter is not pressed until after the death of adverse party or material witness, or loss or destruction of the evidence that could have explained or denied the contentions made by adverse interest."

And as stated in Gayle v. Pennington, 185 Ala. 53, 64 So. 572, 577:

"Laches alone is sufficient to bar equitable relief, especially where it has been so long continued as to render relief sought doubtful, uncertain, unfair, or unjust. Cole v. Birmingham

Union Ry. Co., 143 Ala. 427, 39 So. 403."

The Court in Hauser v. Foley & Co., 190 Ala. 437, 67 So. 252, 253, said:

" 'The true doctrine concerning laches has never been more concisely and accurately stated than in the following language of an able living judge: "Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities, and other causes; but, when a court sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief." Stiness, J., in Chase v. Chase, 20 R.I. 202, 37 A. 804.' 5 Pom.Eq.Jur., § 21.

" 'Laches, as has been well said, does not, like limitation, grow out of the mere passage of time, but it is founded upon the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relation of the property, or the parties. Galliher v. Caldwell, 145 U.S. 368 (12 S.Ct. 873, 36 L.Ed. 738).' "

The amendment to the bill attempted to excuse or explain away laches. The following quotation from the case of Scruggs v. Decatur Mineral & Land Co., 86 Ala. 173, 5 So. 440, appears in Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606, 612:

"Laches will not be imputed, until after discovery of their rights. But mere ignorance of right, without excusing or explaining its reasonable continuance, is insufficient. 'Ignorance of right in the party complaining, there being no more than passiveness, mere silence on the part of his adversary, cannot be ingrafted as an exception on the statute of limitations, without a destruction of its wise policy, and without an encouragement of a mere negligence.' Underhill v. Mobile Fire Department Insurance Company, 67 Ala. 45; James v. James, supra [55 Ala. 525]. When the case stated is prima facie within the bar of the statute, or offensive to the rule against the enforcement of stale demands, the complainant must positively and distinctly aver the facts and circumstances which constitute an exception to the statute, or which excuse or explain the long acquiescence and delay. Philippi v. Philippi, 61 Ala. 41."

Complainant seems to rely upon ignorance as an excuse in the instant case. But, as shown above, ignorance alone does not excuse laches. If facts were apparent to complainant so as to put him on inquiry concerning the names of the grantees in the deed, and he failed to inquire, then this lack of reasonable diligence precludes the availability of this excuse that he did not discover that his wife was a co-grantee until 1950. We regard the following circumstances in their total effect as making it apparent that complainant has not excused himself from the application of the doctrine of laches: construing the allegations most strongly against him, the deed was delivered to him in 1919, he accepted it and placed it in his trunk and in 1947 he "noticed that it was not recorded" and he then had it recorded. We have noticed the outside of the photostatic copy of the deed which was made Exhibit "A" to the amended bill. To us, it is inconceivable that complainant could have noticed that the deed was not recorded and failed to notice his wife's name printed thereon in letters as large as any other printing on that particular page, there being only nine words on the page other than his name and his wife's name. Again the exercise of reasonable diligence at this time would have put him on notice as to

the names of the grantees in the deed. But his wife was still living at that time and did not die until August 1948, and complainant avers that he discovered the mistake in 1950.

This Court said in Meeks v. Meeks, 245 Ala. 559, 18 So.2d 260, 267:

"A court of equity will not give force and effect to the appellee's claim when death has removed from the scene and closed the lips of the two important witnesses to the transactions so vital to appellant, widow, and owner of the lands. Thompson v. Suttle, 244 Ala. 687, 15 So.2d 590."

Here death has removed the wife, the most important witness for the respondents. And in Moragne v. Moragne, 234 Ala. 660, 176 So. 455, 456, the Court, speaking through Chief Justice Anderson, said:

"Courts should use great caution and require a high degree of proof in cases of reformation of written instruments. Johnson v. Sandlin, 209 Ala. 430, 96 So. 223. * * * This rule is especially salutary in cases like this one where death has sealed the lips of the party against whom relief is sought."

■ The principal foundations of the doctrine of laches are acquiescence and lapse of time. But other circumstances will be taken into consideration. Thus it is a material circumstance that the claim is not made until after the death of him who could have explained the transaction. Salmon v. Wynn, 153 Ala. 538, 45 So. 133.

In discussing a case similar to the one at bar, where the husband sought to have the deed reformed because his deceased wife was a co-grantee, and laches was one of the defenses set up by the heirs of his wife, this Court, in King v. Coffee, 222 Ala. 245, 131 So. 792, 795, said:

"The bill did not undertake to allege any excuse for such a long delay— twenty-six years. There is nothing to show what issues were actually tried or on what grounds relief was denied. Relief could have been denied for want of averment showing sufficient excuse for such long delay. * * *

"The dismissal of the suit could therefore have been predicated upon laches, and staleness of the claim, or for want of necessary parties." See Nettles v. Nettles, 67 Ala. 599.

The trial court included the following in his opinion:

"From a reading of the bill of complaint, the court could not determine with any degree of accuracy what might have been the situation with reference to the complainant and Sarah Carson Darden more than twenty-nine years ago, and more than thirty years before the bill was filed. * * * Where, by reason of the long delay in asserting complainant's claim, the condition of the parties with reference to the property having changed to the prejudice of the respondents, death having removed on August 13, 1948, the most important witness for the respondents in the alleged transaction, Sarah Carson Darden, and the attendant impossibility of ascertaining the truth of the matters in controversy and doing justice between the parties, it would be inequitable to entertain the bill in this cause.

"In the case of Scott v. Scott, 202 Ala. 244, 80 So. 82, Mr. Justice Mayfield said:

"'As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts and that without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is settled that after a period of twenty years without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid * * *. This court has applied this principle, even where the twenty years have not elapsed; but from other circumstances, such as the death of parties, etc., it is deemed inequitable to open up the transaction.' (Rives v. Morris, 108 Ala. 527, 18 So. 743)."

For a collection of authorities on the question of laches see Oxford v. Estes, 229 Ala. 606, 611, 158 So. 534, 538, paragraphs 6–13.

The allegations in the bill in the instant case are insufficient to bring it within the influence of Zeigler v. Zeigler, 180 Ala. 246, 60 So. 810.

Appellant had two assignments of error, the court's action in sustaining the demurrer to the original bill, and in sustaining the demurrer to the bill as amended. We do not consider the first assignment of error. The decree overruling the demurrer to the original bill was filed March 3, 1952. The decree on demurrer to the bill as amended was dated and filed June 17, 1952. The appeal was taken July 8, 1952. "It is well settled that on an appeal from an interlocutory decree, appellant cannot assign for error interlocutory decrees rendered more than thirty days before the appeal was taken, but may do so from final decree." Woods v. Allison Lumber Co., 258 Ala. 282, 62 So.2d 229, 231.

We think the lower court was correct in sustaining the demurrer to the bill as last amended, and the decree should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and CLAYTON, JJ., concur.

LAWSON, J., concurs in the result.