BEATTY, Justice.
Docia Roden, in her capacity as the executrix of the estate of her husband, Joe Roden, appeals from an order granting the appellee, Charles P. Walker, an injunction permanently enjoining appellant from foreclosing on a mortgage. We affirm.
On May 5, 1966, Charles P. Walker and his wife, Ann L. Walker, executed a mortgage to Joe Roden. At the outset, we note that this was not a typical mortgage arrangement. The Walkers gave Roden the mortgage in return for Roden’s agreement to allow his savings account to be used as collateral for, and his co-signature on, a loan made by the First Bank of Alabaster to the Walkers. Because Roden’s savings account was the collateral pledged for the Walkers’ loan, the bank was not given a mortgage on the Walkers’ realty to secure the loan. However, even though it was the bank and not Roden who made the loan to the Walkers, the mortgage agreement between the Walkers and Roden contained the following language:
“KNOW ALL MEN BY THESE PRESENTS: That Whereas, C.P. Walker and wife Ann L. Walker (hereinafter called ‘Mortgagors,’) ... are justly indebted to Joe Roden (hereinafter called ‘Mortgagee,’) ...in the sum of Twenty Two Thousand Two Hundred Fifty-Seven & No/100 Dollars ($22,257.00), evi *131 denced by one promissory note of even date herewith consisting of one note all due at one time, with no penalty for prepayment.
“And Whereas, Mortgagors agreed, in incurring, said indebtedness, that this mortgage should be given to secure the prompt payment thereof NOW THEREFORE, in consideration of the premises, said Mortgagors, and all others executing this mortgage, do hereby grant, bargain, sell and convey unto the Mortgagee the following described real estate, situated in Shelby County, State of Alabama, to-wit:
[[Image here]]
“Upon condition, however, that if the said Mortgagor pays said indebtedness, and reimburses said Mortgagee or assigns for any amounts Mortgagees may have expended for taxes, assessments, and insurance, and interest thereon, then this conveyance to be null and void; but should default be made in the payment of any sum expended by the said Mortgagee or assigns, or should said indebtedness hereby secured, or any part thereof, or the interest thereon, remain unpaid at maturity ... then in any one of said events, the whole of said indebtedness hereby secured shall at once become due and payable, and this mortgage be subject to foreclosure as now provided in case of past due mortgages_” (Emphasis added.)
The promissory note referred to in the mortgage was an agreement between the First Bank of Alabaster and the Walkers and Roden, as co-signer.
Almost 20 years later (February 1985), Mr. Roden died. The following year, in May 1986, Mrs. Roden, as the executrix of Mr. Roden’s estate, began proceedings to foreclose on the Walker mortgage. Walker filed a complaint on June 2, 1986, in the Shelby Circuit Court, seeking to enjoin the foreclosure proceedings. Walker claimed that the note underlying the mortgage had been satisfied in January 1967, and therefore, that the estate had no legal or equitable interest in the property pursuant to the mortgage. At the hearing, Mrs. Roden introduced a copy of the note, which had been stamped “paid” by the bank, and also collection letters that had been sent to both Walker and Roden by the bank. She did not, however, put on evidence establishing that it was Roden, and not Walker, who had paid the note, or that the note had been satisfied out of the pledged collateral (i.e., Roden’s savings account).
On September 17, 1987, the trial court entered an order permanently enjoining Mrs. Roden from foreclosing on the mortgage, finding that Walker had proven by “uncontroverted evidence” that the promissory note to the bank “was the obligation underlying the mortgage; ... and that it had been satisfied and paid in full,” and that the mortgage was therefore unenforceable. The trial court also found that, even had the note not been satisfied, foreclosure would be barred by the equitable doctrine of laches.
Mrs. Roden argues on appeal that, over her objection based on the Dead Man’s Statute, the trial judge erroneously admitted testimony by Walker that there had been no demand by the deceased for satisfaction of the mortgage, that Walker had paid Roden the underlying obligation that was secured by the mortgage, and that Walker at one time had, but no longer had, in his possession, nor could he otherwise obtain, records establishing his payment of the underlying obligation (e.g., a cancelled check). The resolution of these issues, however, is of no consequence to the outcome in this case. We agree with the trial court that regardless of the Walkers’ satisfaction of the promissory note, Roden was barred from foreclosing on the mortgage by the doctrine of laches.
The doctrine of laches was designed to prevent the unfairness to defendants that could result from allowing stale claims. Equal Employment Opportunity Comm’n v. Dresser Industries, Inc., 668 F.2d 1199 (11th Cir.1982). In Touchstone v. Peterson, 443 So.2d 1219 (Ala.1983), we discussed the factors that cause an action to be barred by the doctrine of laches. In that case, we said:
*132 “To be affected by laches, the delay must have been with notice of the existence of the right, resulting in disadvantage, harm, or prejudice to another, or have operated to bring about changes in conditions and circumstances so that there can no longer be a safe determination of the controversy.”
443 So.2d at 1226, citing Lipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840 (1975); McCary v. Treadway, 289 Ala. 334, 267 So.2d 410 (1972); Merrill v. Merrill, 260 Ala. 408, 71 So.2d 44 (1954).
While the principal factors in determining whether to apply the doctrine of laches are acquiescence and lapse of time, these are not the only factors to be considered. Other circumstances surrounding the action may also properly be taken into account. In the case of Darden v. Meadows, 259 Ala. 676, 68 So.2d 709 (1953), the Court held that one such circumstance is the intervening death of a witness:
“The principal foundations of the doctrine of laches are acquiescence and lapse of time. But other circumstances will be taken into consideration. Thus it is a material circumstance that the claim is not made until after the death of him who could have explained the transaction. Salmon v. Wynn, 153 Ala. 538, 45 So. 133 [1907].”
259 Ala. at 680, 68 So.2d at 713. See also, Hart v. Baptist Foundation of Alabama, 264 Ala. 632, 88 So.2d 681 (1956); Oxford v. Estes, 229 Ala. 606, 158 So. 534 (1934).
The mortgage at issue in this case was executed on May 5, 1966. The promissory note to the bank was originally due on July 21, 1966, but this due date was eventually extended until October 29, 1966. Mr. Ro-den did not die until February 1985, 19 years later. He had the Walkers execute a mortgage to him because his savings account served as the collateral for the loan to the Walkers from the bank. Surely he must have been aware of his rights under that mortgage.
Regardless of whether during his lifetime Mr. Roden ever made a demand upon the Walkers to satisfy the note, he obviously failed to exercise the right he had under the mortgage to institute foreclosure proceedings upon any default by the Walkers. All issues as to the credibility of witnesses aside, it is clear that, if Mr. Roden had the right to foreclose due to Walker’s default, he chose not to exercise it. The testimony of Mr. Walker shows that in reliance upon Mr. Roden’s failure to act, he discarded documentary evidence that established payment of the underlying debt. This evidence in all likelihood would have been admissible if Mr. Roden had instituted foreclosure proceedings during his lifetime; thus, his failure to exercise any rights he might have had against the Walkers clearly resulted in prejudice to them.
When the evidence surrounding a case “has become so obscured by lapse of time, loss of evidence and death of parties, as to render it difficult, if not impossible, to do justice, laches will preclude complaint, even though the demand is not barred by limitations or prescription.” Johnson v. Delony, 241 Ala. 16, 18, 1 So.2d 11, 12 (1941). Therefore, the trial court properly held that the foreclosure of this mortgage was barred by the doctrine of laches. We affirm the order permanently enjoining foreclosure on the mortgage executed by Charles P. Walker and Ann L. Walker to Joe Roden on May 5, 1966.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.